In the Matter of the Last Will and Testament of GEORGE M. HITCHINS, Deceased.

Surrogate's Court, Albany County, April, 1923.

**Wills — construction — trusts — vested remainders — bequest to remaindermen " if they be living " refers to time of testator's death.**

The words " if they be living " in a will in connection with words of present gift refer to the time of testator's death and will be so construed.

Testator gave his entire estate to his wife and sister in trust to manage and control with direction, after payment of all expenses and disbursements incident to said management, to divide the net proceeds semi-annually and pay the same in certain specified portions to his wife, his sister and the remainder to C. and M. in equal shares. In the event of the death of any of the beneficiaries of the trust before its expiration the will directed that the income to be paid to such beneficiary be divided among the living beneficiaries. Upon the termination of the trust the entire estate was given to the remaindermen in equal shares " if they be living and if not living to their issue *per stirpes* and not *per capita*, and if either died without issue to the survivor of them or to the surviving issue." *Held*, that a present vested and indefeasible remainder was created in C. and M.

PROCEEDINGS on construction of will.

*James V. Coffey*, for Loretta Maxwell, petitioner.

*M. Vincent Ryan*, for Ella A. Hitchins, as executrix.

*John A. Stephens*, special guardian.

*Charles E. Craymer*, for Anna S. Cohen, as assignee of Fred M. Cohen.

LAWYER, S. The last will and testament of George M. Hitchins, deceased, admitted to probate November 19, 1918, contains the following provision: " After all my lawful debts are paid and discharged, I give, devise and bequeath all my real and personal estate, of every name and nature to my wife, Ella A. Hitchins, and to my sister, Olive D. Cohen, in trust, however, for the

following purposes: to hold, manage, and control my said real and personal estate during their lives and the life of the survivor of them, to receive the income thereof, to pay out all expenses and disbursements incident to the management of said real and personal estate, and to divide the net proceeds of said estate semi-annually as follows: to pay over five-tenths of said net proceeds to my wife, Ella A. Hitchins, three-tenths of said net proceeds to my sister, Olive D. Cohen, one-tenth of said net proceeds to Loretta Maxwell, daughter of Jacob Maxwell, formerly of Albany, N. Y., and one-tenth of said net proceeds to Fred M. Cohen of New York City, N. Y. In the event of the death of any of the beneficiaries of the trust before the expiration of the trust, the income directed to be paid to such beneficiary shall be divided equally among the living beneficiaries. Upon the expiration of the trust, I give, devise and bequeath my said real and personal estate to Fred M. Cohen and to Loretta Maxwell, share and share alike, if they be living, and if not living to their issue *per stirpes* and not *per capita*. And if either died without issue to the survivor of them or to the surviving issue."

By the express terms of the will it is urged that Loretta Maxwell and Fred M. Cohen, beneficiaries, acquired a present vested remainder, not subject to defeasance.

Does the language used by the testator imply an immediate gift?

In effect the disposing words do not prevent the present vesting, but simply postpone the use, possession and enjoyment of the estate. It is not the policy of courts to construe a limitation into an executory devise nor a remainder to be contingent when it can be vested. Adverbs of time, "when," "where," "then," "after," "from and after" in a devise of a remainder limited upon a particular estate determinable on an event which must happen relate merely to the time of enjoyment and not to the vesting of interest. *Hersee* v. *Simpson,* 154 N. Y. 496; *Nelson* v. *Russell,* 135 id. 137; *Ackerman* v. *Gorton,* 67 id. 63; *Connelly* v. *O'Brien,* 166 id. 406.

It is further manifest that the words "if they be living" do not defeat a vested remainder. Those words are construed to mean "if they be living at the time of the death of the testator," and in connection with the words of present gift refer clearly to the time of testator's death.

In effect the testator declares that he gives the income of his property, upon his death, to the persons named during the lives of his sister and wife and upon their death he gives the property to Loretta Maxwell and Fred M. Cohen.

Any other construction would defeat the apparent intent of the testator, for if the will should be construed to create a defeasible remainder in Loretta Maxwell and Fred M. Cohen, the remaindermen may be disinherited if they predeceased the testator's wife, Ella A. Hitchins, without issue, a condition repugnant to the fixed rules of interpretation.

It may, therefore, be decreed that a present vested and indefeasible remainder was created in Loretta Maxwell and Fred M. Cohen.

Decreed accordingly.