In the Matter of the Estate of CLEMENT J. TROWBRIDGE, Deceased.

Surrogate's Court, New York County, December 15, 1924.

Wills — power of appointment — testator devised property to daughter with power in her, by will, to appoint said property to her lineal descendants absolutely — appointment in will of daughter is void which purports to give one part of property to daughter's husband, one part to educational corporation, and two parts in trust to her children — attempt to create additional life estates is void under Personal Property Law, § 11, and Real Property Law, §§ 42 and 178 — impossible to eliminate any portion without destroying general scheme — Real Property Law, § 177, not applicable — children of daughter take under alternative provision in testator's will.

The power of appointment contained in the testator's will, under which his daughter was given the power to appoint the property left to her to the living lineal descendants her surviving, absolutely in such proportions as she might determine by her last will, and in case the power was not exercised then the property should pass to said descendants, share and share alike, was not validly exercised by the daughter who appointed one share of the property to her

husband, one share to an educational corporation, and two shares to her children in trust; the power of the daughter was limited to the appointment to her descendants.

An attempt by the daughter to create by her will additional life estates in favor of children who were not in existence when the testator died violates the provison against perpetuties contained in section 11 of the Personal Property Law and sections 42 and 178 of the Real Property Law.

Section 177 of the Real Property Law, which provides that a distribution under a power shall not be voided because it is too extensive, has no application since it is impossible to eliminate any portion of the will of the daughter without destroying the general scheme of disposition.

The children of the daughter take the corpus of the trust fund under the alternative provision in the testator's will to the effect that in case the power is not exercised the children of the daughter would take the property share and share alike.

PROCEEDING for an accounting involving the execution of a power of appointment.

*Geller, Rolston & Blanc,* for the substituted trustees.

*Secord, Ritchie & Young,* for the executors of the estate of Olive Trowbridge Littleton. deceased.

*John Godfrey Saxe,* special guardian.

FOLEY, S.:

In this accounting proceeding, the special guardian reports that the power of appointment created by the will of the decedent, Clement J. Trowbridge, was invalidly exercised by the donee of the power, the testator's daughter, Mrs. Henriette Olive Trowbridge Littleton. Clement J. Trowbridge died on the 29th of March, 1886. His will was admitted to probate by a decree of this court dated April 16, 1886. Under the father's will Mrs. Littleton was limited to appoint to her descendants in the following language: " IV. Upon the death of my said daughter, Henriette Olive Trowbridge, leaving lineal descendants her surviving, to convey, assign, transfer and pay over unto the lineal descendants of my said daughter her surviving, their heirs, executors, administrators and assigns forever, in such proportions, equal or unequal as my said daughter may by her last will and testament direct, but, if she makes no such direction, then, share and share alike, *per stirpes* and not *per capita,* the whole estate and property herein devised and bequeathed to my said Trustee, * * *." Mrs. Littleton died on the 12th of July, 1924. By her last will she divided her residuary estate into four equal shares. One she gave outright to her husband. Another one-fourth she gave in trust with directions to pay the net income to her son Frank C. Littleton, Jr. during his lifetime. Certain discretion was vested in the trustee to pay part of the principal to him after he had reached the age o

MATTER OF TROWBRIDGE.                    **319**

Misc. 317]      Surrogate's Court, New York County, December, 1924.

thirty years. Upon his death he was authorized to appoint the property to such persons or corporations as he might direct by his last will, or in default thereof, the remainder was given to his lineal descendants. Under certain contingencies the husband was also permitted to share in this remainder. There were other dispositions in case the husband predeceased the son, by which the remainder might vest in persons not of the blood of Clement J. Trowbridge. Portions of the remainder might also vest in charitable or religious corporations named by her. The third quarter share was directed to be placed in trust under the same conditions for the benefit of her other son, Trowbridge Littleton. The remaining quarter share was bequeathed directly to an educational corporation.

I hold that her will is absolutely void as an execution of the power of appointment. It clearly appears that she attempted to appoint to her husband and to corporations who were persons outside of the class of " descendants " to which she was limited by the donor's will. Furthermore, it is conceded that both of her children, who are made life beneficiaries of the trusts, were not in being at the date of death of her father, the testator here. The attempt by her to create additional life estates for persons not in existence at that time is violative of our statute against perpetuities (Pers. Prop. Law, § 11; Real Prop. Law, §§ 42, 178) and was so held in *Fargo* v. *Squiers* (154 N. Y. 250), in a will of a donee containing similar provisions. The court said there: " The validity of the provisions of the will of Georgia Fargo, in so far as she attempted to execute the power of appointment, must, therefore, be tested by reading the provisions of her will into the provisions of the will of William G. Fargo, which created the power. So tested, we find that the Squiers children not being in existence at the time of the death of William G. Fargo, any attempt to postpone the absolute ownership of the property in these children would be a violation of the provisions of the statute." (See, also, *Genet* v. *Hunt*, 113 N. Y. 158.) Section 177 of the Real Property Law, which provides that a distribution under a power shall not be voided because it is too extensive, has no application here, since it is impossible to eliminate any portion of the will of the donee without destroying the general scheme of disposition. The void estates created by Mrs. Littleton's will are so hopelessly confused with the other provisions that it is impossible to salvage any part of her testamentary schemes as an exercise of the power of appointment. The alternative provisions of her father's will must determine the distribution of the trust fund depending upon the life of Mrs. Littleton. Her two children are, therefore, entitled, under

Surrogate's Court, New York County, December, 1924.     [Vol. 124

the will of Clement J. Trowbridge, to share equally in the remainder. This determination is limited to the invalidity of the exercise of the power of appointment of which the Surrogate's Court of New York county has exclusive jurisdiction.   It is not intended in any way to limit the construction or effect of her will in so far as it affects her individual property.   Moreover, if there is any question as to the marshaling of the assets of her personal estate in Westchester county, her domicile, it must be determined by the Surrogate' Court there.

Submit decree directing distribution accordingly.