In the Matter of the Petition of BROOKLYN TRUST COMPANY and Another, as Executors and Trustees of and under the Last Will and Testament of WILLIAM TALBOT, Deceased, for a Construction of the Said Will.*

Surrogate's Court, Kings County, January 9, 1925.

Wills — construction — decedent gave residue of estate to executors in trust to sell, hold and reinvest same and pay over rents, income and profits thereof to designated legatee in monthly installments until he reached age of forty, at which time executors were directed to pay over to said legatee whatever balance remained — will construed as severing gift of residue instanter from general estate solely for benefit of legatee with only time . of payment postponed — request of sole beneficiary that trustees retain in trust fund stock of corporation in which decedent was substantially interested at time of death not controlling upon trustees.

A will, by which the decedent gave the residue of his estate to his executors in trust to sell, hold and reinvest and pay over the rents, income and profits thereof to a designated legatee in monthly installments until he reached the

* Affd., 215 App. Div. 724.

age of forty, at which time the executors were directed to pay over to said legatee whatever balance remained, should be construed as making an absolute gift of the entire residuary estate to said beneficiary through the medium of the trust, with the time of payment of the principal thereof postponed, but with a present right to receive *ad interim* income accruing therefrom until the payment of said principal.

A request by said sole beneficiary that the trustees retain in the trust fund the stock of a corporation in which the decedent was very substantially interested at the time of his death is not controlling upon said trustees, since, being charged with the duties of administration, their honest judgment, responsive to the needs of the estate and the trust, must prevail.

PROCEEDING for the construction of a will.

*Cullen & Dykman* [*Francis L. Durk* of counsel], for Brooklyn Trust Company, as executor and trustee.

*Murray & Manson* [*William Murray* of counsel], for Rickard Gilbert Jackson.

*Fitzgerald, Stapleton & Mahon* [*John J. Fitzgerald* of counsel], for Jacob H. Shaffer, as executor and trustee.

*George C. Austin*, for Alfred Talbot and others.

*John H. McCooey, Jr.*, special guardian for infant next of kin and heirs at law.

WINGATE, S.   Construction is sought of the following provisions of decedent's will:

" *Seventeenth.* All the rest, residue and remainder of my estate of every nature, kind and description, real, personal and mixed, and wheresoever the same may be situated, I give, devise, and bequeath to my executors hereinafter named, In Trust nevertheless, and for the uses and trusts following, namely: To sell, hold or invest and from time to time as needs be, to reinvest the same, and to collect the rents, income and profits arising therefrom and to pay over the said rents, income and profits after deducting expenses of administering the said trusts therefrom, to Richard Gilbert Jackson, in equal monthly installments, for and during the term of his natural life until he reach the age of forty years; and I hereby direct that at such time my executors shall pay over to the said Richard Gilbert Jackson whatever the balance of my estate may be."

Question is raised as to whether, under the language quoted, Rickard Gilbert Jackson, designated therein as Richard Gilbert Jackson, has been given an indefeasibly vested interest in the principal of the residuary estate, with only time of payment postponed,

or merely a contingent interest, conditioned upon his attaining the age of forty years.

In support of the argument that his interest in the corpus of the trust is contingent, there is invoked a familiar rule of construction, that "where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not immediate; contingent and not vested." (*Matter of Crane*, 164 N. Y. 71, 76.)

As to this aid to interpretation, Judge SEABURY, in *Fulton Trust Co. v. Phillips* (218 N. Y. 573, 583) observes: " ' We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention and not as a force to pervert it.'

" The so-called ' divide and pay over rule ' is a canon of construction rather than a rule of property, and like other rules, which are applicable in the interpretation of wills, it is always applied in subordination to the intention of the testator which is expressed in the will. It is not a hard and fast rule which must of necessity be applied whenever a certain form of words is used without regard to the expressed intention of the testator. The ' divide and pay over rule ' like all other rules which courts utilize to aid in the interpretation of wills is available to facilitate them in ascertaining the real intention of the testator. In searching for the intention of the testator, where there is nothing in the will which bespeaks a contrary purpose, the ' divide and pay over rule ' may furnish valuable aid. * * * It is a rule which courts will never apply, where to do so would nullify the expressed intention of the testator."

To this rule there are many exceptions. One of them is set out and illustrated in *Warner v. Durant* (76 N. Y. 133, 136), in which Judge FOLGER, writing for a unanimous court, says: " Where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives. * * * But this rule does not act in this case; for there has been a distinction grafted upon it. It is this: Where the gift is to be severed *instanter* from the general estate, for the benefit of the legatee; and in the meantime, the interest thereof is to be paid to him; that is indicative of the intent of the testator that the legatee shall; at all events have the principal, and is to wait, only for the payment, until the day fixed."

The language of paragraph 17 of the will of the decedent herein would seem to bring that provision within the exception thus defined. The gift of the entire residue is to be severed *instanter* from the general estate, solely for the benefit of the legatee, and while he is

awaiting possession of the principal the entire net rents, income and profits derived therefrom are to be paid to him.

It is strongly urged, however, in the brief of counsel of one of the parties, that the doctrine of the authority last cited has no application to the facts now before the court. "No gift," proceeds the argument, "is separated *instanter* from the rest of the estate for his [the residuary legatee's] benefit. No definite, specific sum of money or any specific property is appropriated as a gift for him and segregated from the rest of the estate. The gift to the trustees is of the residue of the estate, and that can neither be known nor determined at the testator's decease.   *   *   *

"There has not been such a severance in this case; there can be none. The residue of the estate cannot be separated, or segregated until it can be ascertained; it cannot be known or determined for a considerable time after the testator's death."

It cannot be that the distinction engrafted upon the "divide and pay over" rule in *Warner* v. *Durant* (*supra*) is to be applied solely to gifts of specific sums of money or of specific property. An absolute gift of a residuary estate has never been deemed to be any the less absolute, because its *quantum* is undetermined at testator's death. Whatever it ultimately is found to be in nature and amount, it is in the intention of the testator and in law the legatee's from the moment of the testator's death. That there is a suspense in the ascertainment of its extent does not imply a suspense in vesting. A gift of a residue is a gift of a portion of the general estate, as distinct from that bestowed by the non-residuary provisions of the will as this latter is from the residue itself. (See *Williamson* v. *Williamson*, 6 Paige, 298; *Matter of Benson*, 96 N. Y. 499.) The view that would deny the possibility in thought and intent of a severance of a residue from that portion of the general estate needed to satisfy non-residuary gifts interprets too narrowly a distinction taken by the courts, as probably conforming to a testator's actual intent, to free, in cases affected thereby, his expression of purpose from the control of a technical rule which too often subordinates his actual intent to an assumed intent arising from mere formalities of language.

If doubt remains upon this aspect of the present problem, it should be resolved by the decision of the Court of Appeals in *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573). In that case the entire residuary estate was directed by the testator to be divided into two equal parts, each of which he gave to trustees to be held upon a separate trust. As to the element of segregation of the subject of gift, that court (at p. 580 of its opinion) declares: "The residuary clause contains a clear direction severing and setting

apart a particular portion of the estate to be applied to the specific purpose declared in that clause. Such an explicit direction for severance of a particular portion of the estate is in harmony with an intent that the gift should vest rather than that it should be contingent. (*Vanderpoel* v. *Loew*, 112 N. Y. 167; *Steinway* v. *Steinway*, 163 N. Y. 183.)"

There is no basis for a finding that a gift of one-half of the residue is severed from the general estate, that is not equally available for a like finding as to a gift of the entire residuary estate.

There were other evidences favorable to vesting found by the Court of Appeals in the will under review in the *Fulton Trust Company* case that apply to the will under construction: The circumstance that the gift is of the residuary estate, for " if the gift had been out of the general estate the reason for believing that the testatrix intended that it should be vested rather than contingent would not be as plain and cogent as where the gift is of the residuary estate itself;" the circumstance that there is no provision in the will for a gift over or any words of survivorship relating to the principal gift; and the circumstance of the bequest of the whole net income from the death of the testator to the time of payment of principal, to the legatee. It should be observed, too, that in the will of the testator herein, there is no beneficial estate in the residue, created for any other person, that intervenes between Rickard Gilbert Jackson and his enjoyment and possession either of principal or of income.

The testator was a layman. He drew his own will, partly, it is true, from old wills drafted by his attorney; but he cannot be regarded as having a lawyer's knowledge of the force and effect of words which, through judicial decision, have acquired a peculiar and technical significance. Probably to him a direction to his trustees " to pay " to his legatee carried as much of meaning as would be implied if his language of gift was " I give, devise and bequeath."

The testator's will is an elaborate document of thirteen typewritten pages, containing numerous gifts to relatives, friends and employees, and his deliberate purpose appears to have been to make a full, detailed and complete disposition of all his property, and not to die intestate as to any portion thereof. Except for the descendants of a deceased half-brother, he made gifts to, or mentioned, all of his heirs at law and next of kin; and as to a niece, he said he refrained from making a bequest to her for the reason that she, " having received her parents' entire wealth," was " amply provided for." This expression is found in paragraph 18 of the will, immediately following the residuary devise; and in

itself affords evidence, which is not contradicted elsewhere in the will, that when he disposed of his residuary estate, he intended to do so once and for all, and did not contemplate, or intend, that his legatee, surviving him, should in any event, thereafter occurring, lose his legacy, and thereby permit the major portion of his estate to escape the control of the testator's will and to come under the sway of the statutes applicable to intestate property.

From all of the foregoing it is found to have been the intention of the testator, as expressed in the 17th paragraph of his will, to make an absolute gift of his entire residuary estate to Rickard Gilbert Jackson, through the medium of a trust, with the time of payment of principal postponed, but with a present right to receive *ad interim* income accruing therefrom until payment of principal, and not a gift which as to principal was conditioned upon his attainment of his fortieth year.

In addition to cases already cited, this holding finds support in *Sawyer* v. *Cubby* (146 N. Y. 192, 198); *Cammann* v. *Bailey* (210 id. 19); *Matter of Schmitt* (137 App. Div. 286); *Zartman* v. *Ditmars* (37 id. 173); *Weyman* v. *Ringold* (1 Bradf. 40, 42, 43); 1 Jarman Wills (6th Am. ed. 816 *et seq.*). And see *Bushnell* v. *Carpenter* (92 N. Y. 270); 40 Cyc. 1661.

The following decisions, cited as establishing the contingent nature of the gift, are distinguishable in their facts from the situation here presented: *Smith* v. *Edwards* (88 N. Y. 92); *Dougherty* v. *Thompson* (167 id. 472, 484, 485); *Lewisohn* v. *Henry* (179 id. 352); *Dickerson* v. *Sheehy* (156 App. Div. 101; affd., 209 N. Y. 592); see dissenting opinion of Chief Judge CULLEN in that case and his concurring opinion in *Cammann* v. *Bailey* (*supra*); *Brooklyn Trust Co.* v. *Phillips* (134 App. Div. 697; affd., 201 N. Y. 561); *Matter of Bostwick* (236 id. 242).

While Rickard Gilbert Jackson is the sole beneficiary of the testator's residuary estate, his request that the trustees retain in the trust fund the stock of a corporation in which the decedent was very substantially interested at the time of his death, is not controlling upon the trustees. They are charged with the duty of administration, and in the proper performance of this duty, their considered and honest judgment, responsive to the needs of the estate and the trust, must prevail. But it would be entirely proper for them to accede to his election to take the stock in kind and his act would estop him, and persons claiming under him, from surcharging them with loss arising from its retention in the trust, there being no claim of maladministration otherwise with respect thereto. If no estate or trust necessity exists which requires a sale of this stock and, in their judgment, no prospect of serious

loss to the estate or trust, or probability of their own personal liability, will follow as a result of its retention, it would be an improper exercise of power on the part of the executors and trustees, under the peculiar circumstances of this case, to decline to accede to the request of the sole legatee that such stock be retained, for ultimate delivery to him in kind. In so acquiescing, the executors and trustees would be doing no violence to the purpose of the testator or to any rule of law.

Let a decree of construction accordingly be settled upon notice.