NELSON MACY, Individually and as Executor, etc., of FRANCIS H. MACY, Deceased, Plaintiff, *v.* SUSAN A. BURCHELL and CLARENCE E. THORNALL, Individually and as Executrix and Executor Respectively of the Last Will and Testament of KATHERINE J. MACY, Deceased, and as Executrix and Executor Respectively of the Last Will and Testament of JANET BURCHELL, Deceased; HENRY J. BURCHELL, as Executor of the Last Will and Testament of JANET BURCHELL, Deceased; and COMMERCIAL TRUST COMPANY OF NEW JERSEY, as Trustee under the Last Will and Testament of KATHERINE J. MACY, Deceased; JOHN ARCHIBALD BURCHELL, CLARENCE THORNALL and SUSAN A. BURCHELL, as Trustees under a Deed of Trust, Made by DEDDA A. KRELLWITZ, Dated December 8th, 1919; JOHN ARCHIBALD BURCHELL, Individually and CELESTINE A. DREW, Individually, Defendants.*

Supreme Court, New York County, April 21, 1927.

**Wills — construction — power of appointment — devise of property under will to trustees designated in trust deed which on its face vested title in said trustees — will cannot be regarded as giving trustees beneficial interests in property where they were to hold property under secret trust agreement since said agreement was illegal and void — property should not be disposed of in different manner than that recited in deed of trust — deed of trust provided that if donee died without making any appointment or disposition of property trustees might convey same to donee's children and descendants of any deceased child or children then living — trustees will be deemed to hold property for next of kin or heir at law of donee's son — deed executed by trustee void — donee did not have absolute power to dispose of property — power of appointment not exercised by residuary clause of will — donee's son took vested interest in property mentioned in 5th paragraph of will on death of his mother subject to trust — release given by son to trustees did not affect rights of plaintiff except so far as income paid — accounting directed.**

A devise of property under a will to trustees designated in a trust deed which on its face vested title in them cannot be regarded as giving them a beneficial interest therein where they were to hold the property under a secret trust agreement between the donee of the trust and the trustees under the trust deed since the secret trust arrangement was illegal and void.

However, the property should not be disposed of in a different manner than recited in the deed of trust by reason of the fact that the attempt to exercise the power of appointment was in form an endeavor to circumvent the law and to provide for an illegal secret trust; consequently since the trust deed provided in the alternative that if the donee died without making any appointment or disposition of the property devised, the trustees under the trust deed might assign or convey the same to the donee's children and the descendants of any deceased

---

* Affd., 223 App. Div. 702.

child or children then living, the trustees will be deemed to hold the property as trustees for the next of kin or heir at law of the donee's son; such property passed under the will of said son to his father, the plaintiff in this action, and consequently the deed executed by the trustees must be declared void.

Furthermore, under the provision of the trust deed the donee thereof did not have an absolute power of disposition of the property but merely power to dispose of the property by will.

Under section 176 of the Real Property Law, even if the exercise of the power of appointment was void, the residuary clause of the donee's will was not an exercise of the power of appointment and did not pass the property to the residuary legatee.

The donee's son on the death of his mother took a vested interest in the property mentioned in the 5th paragraph of her will subject to the trust for the payment of the rents and income to him and subject to his interest being divested upon the condition that he die before reaching the age of twenty-five years leaving issue. Since he died before that age, without issue, the property, having vested in him at his mother's death, never was divested. Had he been twenty-five years of age or more when his mother died he would have taken the property free from any trust.

All the income from each share set apart goes to each child since the trust is primarily for such children.

The release given by the son to the trustees does not affect the rights of the plaintiff in this action except so far as to the income paid.

There should be an accounting of the properties and the rents and income thereof and a reference will be ordered to ascertain the same.

ACTION to construe a will and for an accounting.

*Edwards, Murphy & Minton* [*John McKim Minton, Jr.,* of counsel], for the plaintiff.

*Clarence E. Thornall,* for the defendants Susan A. Burchell and himself individually and as executrix and executor of the will of Katherine J. Macy, deceased.

*Davison & Underhill* [*J. K. Foster* of counsel], for the defendants Susan A. Burchell, Clarence E. Thornall and Henry J. Burchell, as executrix and executors respectively of the will of Janet Burchell, deceased.

*Matthew B. Sentner,* for the defendants John Archibald Burchell and Celestine A. Drew.

*Robert Mazet,* for the defendant Commercial Trust Company, as trustee under the will of Katherine J. Macy, deceased.

*C. Parker Lattin,* for the defendants Clarence E. Thornall, Susan A. Burchell and John Archibald Burchell, as trustees under deed of trust.

DELEHANTY, J. This case was tried before Mr. Justice COTILLO and submitted to him, but owing to his severe illness he was unable to dispose of the same, and by consent the matter was put back

on the calendar of this court and on its call submitted to me for determination by the attorneys upon the record taken before Mr. Justice COTILLO. I take the case as I find it and dispose of it upon such record.

Two causes of action are stated in the complaint, the first being an action to impress a secret trust on the property therein mentioned, and the second for a construction of the 5th paragraph of the will of Katherine J. Macy, deceased.

In my opinion there is no question that there was a secret trust agreement made between Katherine J. Macy, the donee of the power of appointment under the Jordan trust deed, and Clarence E. Thornall and Susan A. Burchell, in regard to the property which was to pass under the 4th paragraph of her will. It is apparent that the defendants Clarence E. Thornall and Susan A. Burchell, the devisees mentioned in such paragraph, were not to have and did not have any beneficial interest in the property so devised to them absolutely; that the intention of Katherine J. Macy was to be carried out as expressed in a secret trust agreement and that the property was to be held by said Thornall and Miss Burchell as trustees for the purpose of carrying out certain trusts in favor of her son, Francis H. Macy. The only question involved, therefore, is as to the nature and effect of such secret trust agreement.

In my opinion it sufficiently appears that at the time the will was drawn or a few days thereafter Thornall knew of the letters put in evidence and was shown them, or drafts thereof, by Mrs. Macy, and that he told her he would comply with her wishes. Mrs. Macy told Thornall that she was placing these letters in her safe deposit box together with her will. Whatever inconsistency may seem to appear in the evidence is entirely dissipated by the answer of Thornall when he was asked, " Did you refer [meaning in their conversation] to the $100 mentioned in this letter? " referring to the letter addressed to him and Susan A. Burchell, and he answered, " I did." So it must be evident that Thornall knew of this letter and its contents and saw it during the life of Katherine J. Macy, either at the time the will was drawn or shortly thereafter. The defendant Thornall claims that he had conversations with Mrs. Macy in reference to her wishes as to her disposition of this property mentioned in the 4th paragraph of her will, and that the substance of the conversations with her was not altogether similar to the contents of the letters addressed to Thornall and Miss Burchell, but they were somewhat similar. He states that as the result of the conversations that he had with Mrs. Macy he complied with her wishes and that by such statement he referred

to the Krellwitz deed of trust as the carrying out of her wishes, which he had promised to do. The plaintiff thus contends that the secret trust arrangement was in effect as stated in the letter to Thornall and Miss Burchell heretofore mentioned which in wording is similar to the provisions of her devise of the property in the 5th paragraph of her will, and defendants contend that the wishes of Katherine J. Macy were as contained in the Krellwitz deed and that Thornall and Susan Burchell carried out her wishes by making such deed.

It is true that on their briefs the defendants claim that Thornall and Susan A. Burchell were under no legal obligation to make this conveyance in trust or carry out the wishes of Katherine J. Macy, but, as above stated, the evidence was sufficient to disclose such a legal obligation. Under the 4th paragraph of the will the property was devised to Thornall and Susan A. Burchell as joint tenants and not as tenants in common, so whatever was acquiesced in by Thornall was binding upon Susan Burchell. (*Matter of O'Hara,* 95 N. Y. 403; *Amherst College* v. *Ritch,* 151 id. 282.) Moreover, there seems to be some evidence of the fact that before the death of Katherine J. Macy, Susan A. Burchell was notified of the provision made in paragraph 4 of the will. Besides the fact that Thornall and Susan A. Burchell did execute a trust deed (the Krellwitz trust deed) in favor of Francis H. Macy, is evidence that there was some secret trust arrangement by which this property was not to be vested absolutely in Thornall and Susan A. Burchell. Persons to whom valuable property has been transferred absolutely are not apt to divest themselves thereof for the benefit of others unless there is some legal obligation to do so. Defendant Thornall was an attorney at law and a friend of the family of Mrs. Macy. He had drawn her will and she had confided to him her wishes as to the secret trust. As an attorney and counselor at law in whom she placed implicit confidence, it was his legal duty to disclose to her before her death or at the time he was told of her wishes whether he would or would not carry them out. Silent acquiescence is the same in effect as an express promise. As said by the court in the case of *Matter of O'Hara* (95 N. Y. 403, 422): " The learned presiding judge at the General Term, while affirming this judgment formally that it might more swiftly come to our bar, sent with it a very wise and prudent caution. He said: ' It seems clear to us that the law ought not to encourage arrangements for the disposition of property by testators, such as this case discloses.' In *Wallgrave* v. *Tebbs* (2 K. & J. 313, 320) the vice-chancellor said that ' the duty of a devisee under the circumstances stated was to throw up the prop-

erty.' Any devise or bequest of this character is dangerous and indefensible. It exposes testators to the suggestion of unnecessary difficulties as inducements to the artifice of an absolute devise concealing an illegal trust. It exposes the devisee to temptation and even when he acts honestly, to severe and unrelenting criticism. It subserves no good or useful purpose. If we sustain it we admit that any statute may be thus evaded, and that equity cannot redress the wrong."

I hold that, though the devise of the property mentioned in the 4th paragraph of the will of Mrs. Macy to Thornall and Miss Burchell was absolute on the face thereof and vested the title in them, such devisees took no beneficial interest therein, but were to hold it under a secret trust arrangement, and I further hold that the secret trust arrangement between Katherine J. Macy and Thornall and Susan A. Burchell was as indicated in her letter addressed to them. It makes little difference, however, in the disposition of this case whether you take the claim of the plaintiff as to what the secret trust arrangement was or that of the defendant Thornall, as in either case the secret trust arrangement would be illegal and void. (Real Prop. Law, §§ 42, 103, 178, 179.)

The validity of the execution of the power of appointment by Mrs. Macy is to be determined by the provisions of the Jordan trust deed. It must be viewed in the same light as if the 4th paragraph of Mrs. Macy's will was read into such trust deed. The present case is different from any that I have been able to find reported, in that the Jordan trust deed, under which the power of appointment was created, in the alternative provides that the donee thereof, dying without making any such appointment or disposition of such property, then the trustees under the trust deed were to convey and assign the same unto the children and descendants of any deceased child or children then living of Mrs. Macy, and also because the exercise of the power of appointment was not completed in the will of Mrs. Macy, but in and by a secret trust made between the donee and testator, Mrs. Macy, and the devisees named in the 4th paragraph of the will. If either of the secret trust agreements had been embodied in the will of Mrs. Macy, there can be no question that it would have been null and void and that such property would have passed as provided in the alternative provision in the Jordan trust deed. I cannot see why on a disposition of this property by this court it can be held to have passed differently by reason of the fact that the attempt to exercise the power of appointment was in form an endeavor to circumvent the law and to provide for an illegal secret trust.

The opinion of Mr. Justice VERNON M. DAVIS in the case of *Montague* v. *Dexter* (111 Misc. 380) is pertinent to the issues here involved. It was there held that an attempt to exercise by will a power of appointment which would be invalid as in violation of sections 42, 178 and 179 of the Real Property Law was in result a failure to exercise the power of appointment or to make any disposition of the property thereunder and that, therefore, such property passed under the will of the testator creating such power under the alternative provision therein contained, in default of an appointment by the donee, to the persons entitled thereto under such alternative provision.

In *Matter of Trowbridge* (124 Misc. 317) the opinion of Surrogate FOLEY is to the same effect, as well as the opinion of Surrogate O'BRIEN in *Matter of Beaman* (N. Y. L. J. Oct. 30, 1926).

Mrs. Macy did not have an absolute power of disposition of this property under the provisions of the Jordan trust deed. She had a general power, but not power to dispose of the property other than by will. The defendant Thornall knew this and knew that Mrs. Macy was attempting to dispose of this property under the 4th paragraph of her will under the power of appointment in the Jordan trust deed. The will of Mrs. Macy in fact expressly so recites. The power of appointment given Mrs. Macy in the Jordan trust deed, however, was in legal effect a power to do what is lawful and not what is unlawful. (*Hillen* v. *Iselin*, 144 N. Y. 365, 380.)

Either there was a transfer of the property to Thornall and Miss Burchell absolutely or there was not such a transfer. Having determined that there was not such a transfer and that such devisees took no beneficial interest in the property, can Thornall and Miss Burchell benefit by the illegal transaction? There can be no cleavage of the secret trust from the devise to Thornall and Miss Burchell for their benefit. As Thornall and Miss Burchell had no beneficial interest in such property, equity engrafts a secret trust on the devise and impresses a trust on the property in the hands of the devisees for the benefit of the person against whom a fraud has been perpetrated. The attempt to exercise the power of appointment as heretofore indicated was a fraud not only upon the testator and donee, Katherine J. Macy, but upon the trustor of the Jordan trust deed and upon Francis H. Macy, the child of Mrs. Macy, as well as a fraud upon the law.

I, therefore, determine that Thornall and Miss Burchell under the facts in this case hold the property as trustees; that under the alternative provision in the Jordan trust deed the property would have descended to Francis H. Macy as the only issue and child

of Katherine J. Macy living at the time of her death, and that Thornall and Miss Burchell must be adjudged and decreed to now hold as trustees such property for the next of kin or heir at law of Francis H. Macy, to wit, Nelson Macy, his father, the plaintiff in this action, and that such property passed under the will of Francis H. Macy to his father, and I further hold that the Krellwitz deeds must be declared to be null and void and of no effect. I so hold because I am of opinion that the attempt by Mrs. Macy, with the aid of the said devisees Thornall and Miss Burchell, to exercise the power of appointment in an illegal way and in a manner to circumvent the law, was an invalid and a void execution of the power of appointment, and, in fact, no execution of the power of appointment at all. The defendants on their brief practically concede that the secret trust under the Krellwitz trust deed was invalid, but claim that, notwithstanding this, the property having been illegally disposed of could not be held by Thornall and Susan A. Burchell, and that, therefore, it was undisposed of and passed under the residuary clause of the will of Mrs. Macy and that a court of equity would impress a trust in favor of the residuary legatees. They also claim that under section 176 of the Real Property Law, even if the exercise of the power of appointment heretofore recited was illegal and void, the residuary clause was an execution of the power of appointment and would pass the property to the residuary legatees. There is no merit in such claim. Moreover, to so hold that this property would pass to the residuary legatees would not only contravene the provisions of the Jordan trust deed but also the intention of the testator, Katherine J. Macy, and send the property in a line that was never intended by either. Surely such would not be an equitable disposition by this court.

As to the property mentioned in the 5th paragraph of the will of Mrs. Macy, I am of opinion that Francis H. Macy took a vested interest in said property on the death of his mother, subject to the trust for the payment of the rents and income to him and subject to his interest being divested upon the copulative condition that he died before reaching the age of twenty-five years leaving issue. (*Vanderpoel* v. *Loew*, 112 N. Y. 167; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Warner* v. *Durant*, 76 id. 133; *Matter of Talbot*, 126 Misc. 80; affd., 215 App. Div. 724; *Neilson* v. *Bishop*, 45 N. J. Eq. 473, 477; *Weyman's Executors* v. *Ringold*, 1 Bradf. 40, 42, 43.) Francis H. Macy died before he reached the age of twenty-five years, unmarried, and leaving no issue. The property having vested in him at the time of the death of Mrs. Macy was, therefore, never divested, the copulative condition of divestiture having never

happened. (*Weyman's Executors* v. *Ringold, supra.*) The testatrix's intention was clearly to have her son or on his death his children take this property. Had Francis H. Macy been twenty-five years of age or over at the time of the death of his mother he would have taken this property free and clear of any trust. The will provides for the dividing and setting apart of separate shares for each child and reference is repeatedly made to the share of each child so set apart in trust.

All the income from each share so set apart is given to each child. The trust is primarily for such children, and in view of such fact the evidence all points one way, the intention of the testator to vest this property in Francis H. Macy at the time of the death of his mother, subject to the trust in regard to the rents and income and subject to being divested on the copulative condition that he died before reaching the age of twenty-five years leaving issue.

The defendants claim that the release given by Francis H. Macy to the trustees under the Krellwitz trust deed was a release of his interest under the said trust deed and a recognition thereof, and that Francis H. Macy was the only person who could rais. the question of the invalidity of such trust deed and, therefor., the plaintiff is estopped from raising such question. But the answer to this is that these payments were payments of income only and, therefore, the release must be limited to such. Francis H. Macy could not by any arrangement with the trus ees create an illegal trust any more than his mother could have done so. He would have been entitled to the income from such property in any event, whether it was under the Krellwitz deed, the Jordan trust deed or under the trust which equity would have created in the defendants Thornall and Susan A. Burchell in his favor. Such release, therefore, does not affect the rights of the plaintiff in this action except so far as to the income paid. In conclusion, I hold that there should be an accounting of the properties and the rents and income thereof, and a reference will be ordered to ascertain the same. Submit decision and judgment on notice according to the foregoing determination. The question of an extra allowance will be reserved until the time of the application for final judgment. Costs against the defendants Thornall and Susan A. Burchell. The dismissal of the complaint as to the executor of the will of Janet Burchell should be without costs.