In the Matter of the Construction of the Last Will and Testament of CHARLES PURDY, Deceased.

Surrogate's Court, Westchester County, December 4, 1928.

*Adolph Kappus, Jr.,* for the executor.

*Samuel Faile,* for contestants, heirs at law and next of kin.

*Austin K. Griffen* and *Charles C. Fenno,* for County Trust Company, coexecutor.

SLATER, S. The will of the decedent has recently been probated. The petition for probate asked for the construction of the 8th, 9th, 10th and 11th paragraphs of the will. The question presented is this: Are the gifts vested or contingent?

The object of the court is to ascertain not the intention simply, but the expressed intention of the testator; the intention which the will itself, either expressly or by implication, declares, and to give effect to the legal consequences of that intention when ascertained. (*Matter of Silsby,* 229 N. Y. 396, 402.)

The will was drawn by a prominent and learned lawyer. It will be noted that, in the 3d paragraph of the will, legacies are given to the children with the added proviso that, should any of them predecease the decedent, the share is given over to the survivor. The 4th paragraph of the will creates a trust for the life of the widow, or until she remarries, and upon her death, or remarriage, passes on to the children as remaindermen. The 5th paragraph devises land to the widow for life, or until her remarriage. Upon her death, or remarriage, it becomes part of the residuary estate. The 8th, 9th and 10th paragraphs of the will create trusts in $75,000 for each of the three children, until each attains the age of thirty years; and, upon their attaining the age of thirty years, it is given to each of them absolutely.

The 11th paragraph is like unto them in phraseology, except that it relates to the rest, residue and remainder of the estate, which is to be held in trust for the son until he attains the age of thirty years, and upon attaining the age of thirty years, it is given to him absolutely.

Thus, it will be seen that there is a variance in words of gift, indicating a discrimination in carrying out the decedent's intention, so far as it can be stated in language.

The court will first construe and decide the question whether a trust which is to last until a beneficiary arrives at a certain age, is valid. It is the court's opinion that such a trust does not violate the statute, because it is limited to the single life of each person, the limitation of time being for a period less than a life, and wholly within it. (*Sawyer* v. *Cubby*, 146 N. Y. 192.)

Proceeding to the next question: Are the gifts vested, or contingent? The draftsman uses the word " until " with reference to attaining the age of thirty years, and " upon " his attaining the age of thirty years, the gift is made absolute. The word " until " as used is an adverb of time, and simply postpones the possession of the estate. It relates merely to the time of enjoyment, and not to the vesting of the interest. (*Hersee* v. *Simpson*, 154 N. Y. 496; *Connelly* v. *O'Brien*, 166 id. 406; *Matter of Hitchins*, 120 Misc. 586.)

In my opinion, the gifts are vested, and not contingent. (*Warner* v. *Durant*, 76 N. Y. 133; *Cammann* v. *Bailey*, 210 id. 19; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Matter of Talbot*, 126 Misc. 80; affd., 215 App. Div. 724; *Matter of Hicks*, 221 id. 378; *Matter of Latham*, 133 Misc. 36; *Matter of Banker*, 223 App. Div. 496; affd., 248 N. Y. 596.) The gifts of money and the gift of the residue of the estate are severed *instanter*. Such a severance of the estate is in harmony with the intention that the gifts should be vested rather than contingent. There is a lack of a gift over to others. The canons of construction, *i. e.*, presumption against intestacy — the fact of making a will — the rule that, where a will is susceptible of a construction by which there may be a testamentary disposition of the entire estate of the testator, that construction will be given — the principle of construction which favors the vesting of estates, are all in favor of the construction as herein stated.

It is the court's opinion that survivorship never was a condition, and that it is revealed within the language of the will that the decedent intended to create a vested remainder in the beneficiaries named in the paragraphs of the will.

Submit decision according to this opinion, and settle order on notice.