P. JOHN HART, *Plaintiff in Error*, v. EMPIRE LAND COM-
PANY, A CORPORATION, *Defendant in Error.*

Opinion Filed November 8, 1923.

Where actual sale has not been made of lands advertised for de-
linquent taxes, the Tax Collector is not entitled to five per
centum commission under the provisions of Section 757, Re-
vised General Statutes, 1920.

This case was decided by Division A.

A Writ of Error to the Circuit Court for Lee County;
George W. Whitehurst, Judge.

Judgment affirmed.

*R. A. Henderson, Jr.,* and *M. H. Long,* for Plaintiff in
Error;

*Walter O. Sheppard,* for Defendant in Error;

*Reynolds & Rogers* and *Winder Surrency,* as amici
curiae.

BROWNE, J.—On the 1st day of April, 1921, the defend-
ant in error, Empire Land Company, had not paid its
state and county taxes, and the Tax Collector of Lee
County, P. John Hart, the plaintiff in error, proceeded
to make out a statement of the taxes due from it on each
piece of its land; caused the items to be published in a
newspaper in accordance with law, and gave notice of in-
tention to sell the land so advertised, or so much of it as
should be necessary, to pay the taxes and cost of adver-
tising and expense of sale.

On the 24th of May, and prior to the actual sale of any of the Empire Land Company's lands referred to, and while the same were being advertised for sale, the Empire Land Company offered to pay to the Tax Collector all the taxes due from it, and all legitimate and legal expenses for advertising the lands. The Tax Collector refused to permit the Land Company to pay its taxes and advertising cost and expenses, unless it would also pay him five per centum on the amount of taxes due from it, amounting to fourteen hundred and forty and 16/100 dollars.

As the Tax Collector refused to accept the amount due for taxes and the cost and expense of advertising the property for sale, without the payment of this additional five per centum, the Empire Land Company, in order to prevent its property from being sold, paid to the Tax Collector "under duress and coercion" the additional sum of fourteen hundred and forty and 16/100 dollars demanded by the Tax Collector, and afterwards brought suit against him to recover it.

The declaration, containing all the essential averments, was demurred to, the demurrer raising the question of the effect of Section 757, Revised General Statutes of 1920. The demurrer was overruled, and the Tax Collector declining to plead further, judgment was entered against him, from which judgment he sued out a writ of error and seeks reversal here.

The sole question presented is the meaning of Section 757, Revised General Statutes of 1920, which reads: "A copy of the newspaper containing the advertisement shall be filed in the office of the Clerk of the Circuit Court within ten days after said sales. When lands are advertised for taxes under the provisions of this Act, the Tax Collector shall be entitled to fifteen cents for certificate of sale, and shall be entitled to five per cent. commission on

the amount of each delinquent tax when actual sale is made.''

The language of the statute is so plain that this case could well have been affirmed without opinion, but the question involved has a general interest and should be definitely settled by this court.

When the Empire Land Company tendered its money to pay all taxes against its property together with the costs and expenses of advertising, no sale of the property had been made.

Was the Tax Collector ''entitled to five per centum commission on the amount'' of the tax due from the Empire Land Company when actual sale had not been made?

The statute seems to answer the question most positively in the negative.

In the argument of the plaintiff in error, seeking to have this court change the language of the statute, he attempts to discover the purpose of the Legislature in enacting the statute, and have this court change the wording of the statute to make it effectuate the legislative purpose, which it assumes. But we find nothing in the law itself to indicate the legislative purpose, other than the very clear language used therein; that the Tax Collector ''shall be entitled to five per centum commission on the amount of each delinquent tax *when actual sale is made.*'' (Italics ours.)

It is alleged and not denied, that at the time the tender of the amount of taxes due, and the cost and expense of advertising, no sale had been made, and therefore the condition precedent to the payment of the five per centum commission had not occurred.

We find that the ruling of the Circuit Court on the demurrer was correct, and the judgment is affirmed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.