In the Matter of the Final Judicial Settlement of the Account of Proceedings of JEROME A. PECK and HENRY S. TOWNSEND, JR., as Trustees under the Last Will and Testament of WILLIAM J. FOSTER, Deceased.

Surrogate's Court, Westchester County, December 6, 1928.

*Frederick G. Schmidt,* for the trustees.

*Arthur R. Wilcox,* for Edward M. Foster, nephew of decedent.

*Mc Kennell & Appell* [*Alfred H. Appell* and *Aaron Goody* of counsel], for executrix of estate of Adelaide Foster, and a residuary legatee.

SLATER, S. On this accounting the court is called upon to construe the decedent's will in so far as it affects the final disposition of the corpus of the trust created by the will. The whole estate is claimed by decedent's nephew on the theory that the decedent died intestate as to this portion of his estate, while, on the other hand, it is claimed by Agnes J. Provoost by virtue of being the residuary beneficiary under the will of the widow.

Paragraphs " third " and " fourth " of the will affect the questions involved. They are as follows:

" *Third.* All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors hereinafter named, in trust however; to collect the rents, issues and profits of my real estate and after paying all charges and necessary expenses in connection therewith, to pay over to my said wife Adelaide A. Foster, one-third of the net income derived therefrom, during the term of her natural life, and to pay over the remaining two-thirds of said net income to my daughter Adelaide A. Foster, or if at the time of my death my said daughter shall not have attained the age of twenty-one years, then to pay out of the said two-thirds of the net income of my said real estate, so much thereof as may be necessary for the maintenance, education and support of my said daughter during her minority.

" If my said daughter, Adelaide A. Foster should die before my said wife, Adelaide A. Foster, then, I give, devise and bequeath the whole of the income of my said real estate to my said wife Adelaide A. Foster, for and during the term of her natural life.

" So much of the net income of my real estate herein devised and bequeathed to my said daughter, Adelaide A. Foster as may not be necessarily used for her education, maintenance, and support during her minority, I direct my executors to retain and invest until she shall have arrived at the age of twenty-one years and at that time to pay over to her such accumulations of income and interest thereon.

" *Fourth.* Upon the death of my said wife, Adelaide A. Foster, I give, devise and bequeath all my estate, real and personal, then in the hands of my executors to my said daughter, Adelaide A. Foster, absolutely, but if my said daughter Adelaide A. Foster, should not then have attained the age of twenty-one years, I direct

my executors to pay over the income of my said estate, or so much thereof as may be necessary for her maintenance, education and support until she shall have arrived at the age of twenty-one years, and upon my said daughter arriving at the age of twenty-one years, then I give, devise and bequeath to her all my said estate real and personal."

The daughter Adelaide died before her mother, and by the widow's death the trust has become terminated. The will directs the payment to the widow of one-third of the net income of the trust for her life, and two-thirds of the income thereof to the daughter. The gift to the daughter is without limitation with respect to the time of enjoyment. The will further provides that, if the daughter predeceases the widow, then the whole of the income is to be paid to the widow during her life.

A construction which results in intestacy should not be favored when a decedent leaves a will, and the presumption is that the decedent intended to dispose of his entire estate.

With regard to the two-thirds of the trust estate, a gift of the income was created without limitation upon time of enjoyment, and with no disposition of the corpus and in such a case the well-settled rule is that such a gift must be construed as a gift of the corpus. (*Matter of Allen*, 111 Misc. 93, 125; affd., 202 App. Div. 810; mod., 236 N.Y. 503; *Matter of Putnam*, 112 Misc. 315; *Matter of Jones*, 119 id. 519; *Matter of Hoyt*, 124 id. 857; *Matter of Dickinson*, 129 id. 420; *Matter of Goldmark*, 186 App. Div. 447, 451, and cases cited; *Matter of Sackett*, 201 id. 58.)

The daughter Adelaide predeceased the mother, dying intestate, and two-thirds of the corpus passed to the mother under the laws of intestacy.

The one-third of the trust estate passed under paragraph " fourth " of the will to the daughter. The daughter Adelaide took a vested remainder in this share, and upon the daughter's dying intestate, it passed to the mother.

A life beneficiary of a trust may own a vested interest in the remainder. (*U. S. Trust Co.* v. *Taylor*, 193 App. Div. 153; affd., 232 N. Y. 609.)

It could also be held that the whole estate passes to the daughter Adelaide under the 4th paragraph of the will, as a vested remainder. The word " upon " used in the sentence " upon the death of my said wife " is an adverb of time and simply postpones the possession of the estate. It relates merely to the time of enjoyment and not to the vesting of the interest. (*Warner* v. *Durant*, 76 N. Y. 133; *Cammann* v. *Bailey*, 210 id. 19; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Matter of Talbot*, 126 Misc. 80; affd., 215 App. Div. 724;

*Matter of Hicks,* 221 id. 378; *Matter of Latham,* 133 Misc. 36; *Matter of Banker,* 223 App. Div. 496; affd., 248 N. Y. 596; *Matter of Purdy,* 133 Misc. 217.)

The result is that, under either theory, when the trust terminated, the remainders were vested in Adelaide, the widow, and passed pursuant to the terms of her will.

Submit decree in accordance with this opinion.