J. M. LEE, *as Comptroller,* v. I. W. SMITH, *et al.*

149 So. 67.

En Banc.

Opinion Filed June 15, 1933.

*Cary D. Landis,* Attorney General, for Appellant;

*C. O. Andrews,* and *Guyte P. McCord,* for Appellee.

PER CURIAM.—This is an appeal in equity from an interlocutory order granting a temporary injunction and overruling a motion to dismiss a bill of complaint filed by certain individuals as claimants to certain moneys in the hands of the Comptroller, in which it is alleged that the complainants below have a vested interest about to be disregarded by the Comptroller because of his interpretation of certain statutes deemed controlling with respect to the distribution of the moneys involved.

Chapter 11954, Acts of 1927, as supplemented and continued in operation by Chapter 14502, Acts of 1929, provides that it shall be the duty of County Tax Collectors in all counties falling within their scope, to pay annually into a special fund all money received by them "in excess of" the sums which they are, under the law, entitled to retain as their lawful compensation. In order to determine when there is an "excess of" any sums which county officers are entitled to retain as compensation, Chapter 14502, Acts of 1929, *supra,* provides that each county official, receiving compensation wholly or partly in fees or commissions or both, must semi-annually make to the county commissioners a sworn itemized statement of all fees and commissions collected, and an itemized statement of all expenditures of their respective officers.

Complainants below, all of whom were tax collectors of the smaller counties of the State, contend by their instant suit that since under the provisions of Chapter 11954, Acts of 1927, it is provided that county officials not receiving a net annual income of five thousand dollars per annum, shall not be required to turn over *any* portion of their fees or commissions to the "Special County Fund" which the

Act provides shall be made up of excess compensation paid to county officers through fees, salaries and commissions received by them, that they are entitled to have paid over to them by the Comptroller, fees *earned* by them as tax collectors, during their tenure of office, although not collected until afterwards, because of provisions of law which postpone such collections until redemptions from tax sales are made. See Chapter 14572, Acts of 1929, and Chapter 15798, Acts of 1931, which changed the previous law on this subject.

The court below sustained the contention of complainants as above stated by overruling the Comptroller's motion to dismiss the bill. It is the conclusion of this court that there was no error in such decree.

Under the applicable statutes which govern this controversy, it is expressly provided that if the fees and commissions earned by tax collectors and other county officers do not result in a "net income" to the incumbents of the offices, or at least five thousand dollars per annum "all the net income from such office not to exceed Five Thousand ($5,000.00) Dollars" shall be retained by the county officer "as his yearly compensation." Section 1, Chapter 11954, Acts of 1927.

The bill of complaint in this case alleges, and that allegation is admitted to be true by the Comptroller's motion to dismiss, that for neither of the years 1929, 1930, 1931 or 1932, during which periods complainants held the office of tax collector in small counties, and conducted the tax sales therein as provided by law, and earned the fees and commissions prescribed by law for conducting such tax sales, did the amount of fees and commissions earned by them during any of the said years of their tenure of office, amount to a "net income" of five thousand dollars annually.

Such being the admitted facts of the case, and it appearing that under the terms of the statutes, the complainants below as tax collectors were entitled to retain up to a net income of five thousand dollars, all the fees and commissions of their offices accruing to them as "net income" as that term is defined by Section 2 of Chapter 11954, Acts of 1927, *supra,* it appears that until the complainants shall have received their net income in full, the complainants are entitled to the fees and commissions collected on tax redemptions since their retirement from office, the payment of which was merely postponed until the actual redemption was made, and that therefore the Court below properly restrained the Comptroller from treating the moneys of the complainants as being moneys for which warrants should be drawn by the Comptroller in favor of others, as the bill alleges he (the Comptroller) had announced his intention to do.

The duty to report *all* fees, salaries and commissions received by county officers is an appropriate incident for determining whether or not, under the law, any county officer has during any year received more than the "net income" which the law entitles him to retain as his compensation. But under the applicable statutes, where the total "net income" of a county officer never reaches the minimum "net income" permitted to be retained as the officer's annual compensation, the entire "net income" for the year is allowed to the officer, and cannot be taken away from him on the theory applied in Martin v. Karel, Sheriff, 106 Fla. 363, 143 Sou. Rep. 317, where it was said that when fees and commissions have been earned by a tax collector "in excess of" the minimum allowed by law such fees and commissions should, insofar as any *excess* is concerned, be deemed to have been earned by the office, rather than individually by the occupant thereof.

The foregoing statement represents the views entertained in this case by Mr. Chief Justice Davis, Mr. Justice Terrell and Mr. Justice Buford, who are of the opinion that the decree appealed from should be affirmed. Mr. Justice Whitfield, Mr. Justice Ellis and Mr. Justice Brown are of the opinion that the decree appealed from should be reversed for the reasons set forth in the separate opinions which they have prepared and filed this date, which will be published in connection with this opinion.

In view of an equal division of the six Justices of the Supreme Court, as to whether the decree appealed from in this case should be affirmed or reversed, the decree will stand affirmed on the authority of State v. McClung, 47 Fla. 224, 37 Sou. Rep. 51.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.*

Ellis, J. (dissenting).—Chapter 11954, Acts of 1927, commonly known as the County Officials Compensation Act, which applies to all county officials which at the time of the passage of that Act were paid in whole or in part by fees or commissions, was not amended by Chapter 15798, Acts 1931, so as to vest in the person occupying the office of tax collector an interest in the fifteen cents to be allowed for certification of each tax sale and the five per cent commission on the amount of each delinquent tax when actual sale is made, nor to the "commission" for the sale when the certificate may be redeemed. In the first place, the Act by its own terms distinguishes between the allowance of fifteen cents for each certificate of sale and the 5 per cent commission on the amount of each delinquent tax,

---

*The above opinion was prepared by a circuit judge during the absence of Judge Ellis because of illness.

the payment of the latter only is deferred where the sale is made to the State until the certificate is redeemed.

The bill of complaint treats both alike and the opinion of the majority makes no distinction.

Chapter 11954, *supra,* was fully explained, its purpose elucidated, and the legislative policy relating to compensation of county officers fully defined in Martin v. Karel, 106 Fla. 363, 143 Sou. Rep. 317. In that case it was stated that the contention that because the tax collector may have had an interest in part of the fund which he was alleged to have embezzled for his compensation and the expenses of his office, which he occupied bereft the county of all title in or ownership of the residue is "unfounded in reason and unjustified in law. The fees and the commissions were not earned by the tax collector, but by the office through him as its occupant." It was again stated that "Chapter 11954, *supra,* did not vest in county officials, whose compensation for official duties were paid wholly or partly by fees or commissions, the title or ownership of all fees or commissions collected through the particular office occupied by the particular official." "The fees collected by that officer (tax collector) represent the charge which the State makes for the services rendered to the people through that officer."

Article III, Sec. 27, of the Constitution requires the Legislature to fix by law the duties and compensation of county officials. The Legislature obeyed that mandate completely, fully, in the enactment of Chapter 11954, *supra,* and said the court in the Martin-Karel case, *supra,* "The principle is definitely and conclusively announced that such fees are the property of the State, the surplus of which it may dispose of as may be lawful."

Chapter 11954, *supra,* fixed the compensation of county officials whose compensation was then paid wholly or partly

by fees or commissions not at a specific or definite amount of money but within certain limits to be paid from the whole or a part of the fees or commissions so collected. The officer is required to make a report of the fees and commissions collected. If the fees and commissions collected amounted to enough to enable him to compensate himself upon the basis and according to the schedule prescribed by the Act then the amount prescribed by the Act as his compensation was all to which he was entitled. If the receipts of the office did not amount to so great a sum his compensation would not be so large. During one year it might be full up to the statutory limit, but the next there might be a falling off and so on through the term of office. But it never was in the mind of the Legislature, as expressed by any Act upon the subject, that a certain amount of compensation according to the schedule prescribed by the Act should be paid for services rendered in the office whether the fees or commissions sufficient to pay the same were received or not, nor in cases where tax certificates issued to the State during an incumbent's service were not redeemed until years after the sale the officer who had passed out of office should receive from the fees and commissions attaching to such certificates a sufficient sum to bring his compensation during any one year of his service up to the allowance fixed by the statute which the Act required to be paid from the receipts of the office.

The compensation of such officers was not based on "earnings" by the officer but on receipts of fees and commissions by him. Chapter 11954, *supra,* does not use the word "earned."

To use such a term is to write that idea into the statute which this Court has no power to do. The consequence of such holding is to require the Comptroller to open and continue an account with each county officer for years possibly

after such officer has retired from his office and pay to him or his heirs the fees and commissions attaching to tax certificates which may be paid years after they were issued until the amount of the same equals a sum sufficient to make up the difference which the officer may, have received during the year the certificate was issued and the amount which the statute provides he might have been paid from the receipts of the office for that year.

So, if an officer continues in office for several terms he can under the holding of the majority have an accounting with the Comptroller for each year of service until the maximum of his allowance is balanced for each separate year. If the fee and commissions are his when collected then his heirs or administrators in the event of his death may have such accounting for each year of their decedent's service.

The equitable consideration growing out of the theory of "earned" fees and commissions has no place whatsoever in this litigation. It does not exist in the statute by direct and positive language nor by implication. The statute contemplates that the officer shall be paid each year from the receipts by the office during that year. The officer has no vested right in any fee or commission not actually paid into the office during his incumbency and during the year in which his compensation is to be paid. Chapter 15798, Acts 1931, *supra,* expressly provides that the tax collector "shall not be entitled to any commission for the sale" of property made to the State "until said commission is paid upon the redemption or sale of the tax certificate" issued to the State. That language is made by the majority opinion to change the policy of the law as defined by Chapter 11954, Acts 1927, as described by this Court in Martin v. Karel, *supra,* and declares that up to the amount of compensation prescribed by that Act the officer has a title to and interest in

the fees which he is said to have "earned" contrary to repeated holdings by this Court.

BROWN, J., concurs.

BROWN, J. (Concurring).—At first I was inclined to think the order of the court below should be affirmed, but after considering Mr. Justice ELLIS's opinion and again studying the statutes involved, I have changed my mind, and concur in his conclusions. Chapter 11954, Sec. 1, bases the yearly compensation of the tax collector, not upon fees or commissions earned, but upon fees or commissions "collected," which means collected during the year. I do not think this principle is changed by Chapter 15798, which says that the tax collector shall not be entitled to any commission for the sale of property to the State until paid upon redemption or sale of the tax certificate. The Act of 1929, Chapter 14572, Sec. 4, provided that the tax collector "shall not be entitled to any commission for the sale of such property made to the State of Florida." The 1931 Act says that the commission shall not be payable until redemption or payment. So the commissions do not accrue until the time arrives.

WHITFIELD, J.—In Flood v. State *ex rel.*, 100 Fla. 70, 76, 129 Sou. 861, 864, this Court said the "fees collected by officers represent the charge which the State makes for services rendered by it through its officers, and constitute a fund subject to the control of the State and to be applied as the Legislature directs." From June, 1929, to August, 1931, the statutes provided that the "tax collector shall not be entitled to any commission for the sale of" lands for "delinquent tax" "made to the State of Florida." See Section 4, Chapter 14572, Acts of 1929; Section 1, Chapter 15798, Acts of 1931. Statutes may allow commissions for collecting one class of taxes without any allowance for collecting other classes of taxes. Rawls v. State *ex rel.*, 98

Fla. 103, 122 So. 222. See also Hart v. Empire Land Co., 86 Fla. 387, 98 So. 223.

Section 1, Chapter 11954, Acts of 1927, Section 2865, Compiled General Laws, provides that each county officer "shall receive as his yearly compensation for his official duties" all or stated parts of the net income from fees or commissions "collected by him" not to exceed stated amounts per year, which apparently limits the officer's yearly compensation to fees or commissions that are collected or at least to fees or commissions that are due *and* payable, in each year, during the term of office.

Under Section 1, Chapter 15798, Acts of 1931, amending Section 4, Chapter 14572, Acts of 1929, the "tax collector shall not be entitled to any commission for the sale of" land for delinquent taxes "made to the State of Florida until said commission is paid upon the redemption or sale of the tax certificate or certificates issued * * * to the State of Florida." Considering the above cited statutes together it seems that in order for the tax collector to be entitled to commissions on sales made to the State, such commission must be collected by the clerk of the circuit court upon the redemption or sale of the tax certificates during the years of the tax collector's term of office, otherwise the tax collector is not entitled to the commission under the statute.