FRANK M. TYLER v. ELWYN THOMAS, Judge Circuit Court, St. Lucie County, *et al.*

153 So. 848.
Opinion Filed March 27, 1934.
Petition for Rehearing Denied April 24, 1934.

C. O. *Andrews,* for Petitioner;
*Fee & Liddon,* for Respondents.

TERRELL, J.—June 15, 1933, this Court by equal division affirmed an interlocutory order of the Circuit Court of Leon County in the case of J. M. Lee, as Comptroller, v. I. W. Smith and sixteen others as tax collectors of certain counties in this State, including the petitioner, Frank M. Tyler. The order of the Circuit Court so affirmed overruled a motion to dismiss the bill of complaint therein and restrained the Comptroller from paying to others than appellees as claimants certain funds held by him in which said claimants asserted a vested right by virtue of their office. The funds brought in question in that suit being those paid to the Comptroller as required to be distributed by him

pursuant to Section 780, Revised General Statutes of 1920, Section 1004 Compiled General Laws of 1927, for the years 1929, 1930, 1931 and 1932.

Pending the disposition of the foregoing cause Section 780 Revised General Statutes of 1920, *supra,* was amended by Chapter 15918, Acts of 1933, Laws of Florida, effective July 1, 1933. The effect of this amendment was to relieve the Comptroller of the duty of receiving and disbursing the funds lodged with him under the Act as aforesaid among the tax collectors and to require that said duty be performed by the Clerks of the Circuit Court of the counties affected.

On July 29, 1933, petitioner as complainant in Lee v. Smith, *supra,* filed his supplemental bill in the Circuit Court of Leon County, praying that the injunctional order affirmed by this Court in said cause be made applicable to and binding on the clerks of the circuit court in all counties named therein, including their successors in office. The prayer of said supplemental bill having been granted a copy of the order therein was served on W. R. Lott as Clerk of the Circuit Court of St. Lucie County on July 31, 1933, the effect of which was to permanently enjoin him from paying over funds held by him under the amended Act of 1933 to anyone other than petitioner.

Notwithstanding the last named order which was brought to the attention of the respondent as Judge of the Circuit Court of St. Lucie County, he granted a temporary restraining order August 2, 1933, directed to the said W. R. Lott restraining him from paying said fund or commissions to petitioner as the retiring or former tax collector of St. Lucie County or to any other than Orris Nobles as the incoming or present tax collector of said county. Petitioner thereupon moved to intervene for the purpose of showing that the subject matter of the last mentioned cause of action

was adjudicated in Lee v. Smith, *et al., supra,* in favor of petitioner. This motion to intervene was taken under advisement and on September 2, 1933, Orris Nobles filed a second application to restrain W. R. Lott from paying any commissions to petitioner during the month of August, 1933. The latter application was taken under advisement but pending its disposition petitioner applied for and secured the instant writ of prohibition herein.

The real question with which we are confronted here is resolved by a determination of whether the petitioner, Frank M. Tyler, the retiring tax collector, or Orris Nobles, the incoming tax collector of St. Lucie County, is entitled to receive the commissions paid on the redemption of tax sale certificates for the sales of 1929, 1930, 1931, and 1932, said redemptions having been made subsequent to January 1, 1933.

This was the sole question adjudicated in Lee v. Smith, *et al., supra,* and it was there held that the petitioner was entitled to said commissions. The fact that the court was equally divided is not material and in no wise affects the judgment entered. The decision of the chancellor below conclusively settled that question and the decision of this Court affirmed his decree and thereby determined the law of the case.

The filing of the supplemental bill July 29, 1933, for the purpose of binding all clerks of the circuit court similarly situated thereby was not a new and different proceeding but was merely a step in the original cause for the purposes stated. All the clerks of the circuit court affected were on notice of the supplemental bill and its purpose and any resistance they desired to offer thereto should have been offered at that time in the court where filed. All parties affected were bound by the judgment and cannot now be

heard in a new suit to resist it. Crandall's Common Law Procedure 643, 34 Corpus Juris 999, Section 72, 1931 Chancery Act.

The judgment and order of the Court is not affected by Chapter 15918, Acts of 1933, Laws of Florida, as that Act did nothing but change the medium through which the funds or commissions should be disbursed.

The writ of prohibition should be and is hereby made permanent.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.

BROWN, J. (dissenting).—My view is that writ of prohibition was not the proper remedy.

ELLIS, J., concurs.