FRANK M. TYLER v. ORRIS NOBLES.

157 So. 891.
Opinion Filed November 30, 1934.
Order Entered January 7, 1935.

*C. O. Andrews* and *F. L. Hemmings,* for Plaintiff in Error;

*Fee & Liddon,* for Defendant in Error.

TERRELL, J.—The sole question involved in this case is whether or not a county tax collector who has retired from office without receiving the maximum compensation allowed him under Section 757, R. G. S. of 1920, Section 970, C. G. L. of 1927, as amended by Chapter 15798, Acts of 1931, Laws of Florida, is entitled to commissions on tax certificates issued by him to the State while in office but which were redeemed by his successor after he retired from office.

The court below, by sustaining a demurrer to the declaration, answered this question in the negative. Final judgment was entered in favor of the defendant and this writ of error is from the final judgment.

The question raised here was conclusively settled by this Court in Tyler v. Thomas, *et al.,* 114 Fla. 368, 153 Sou.

848. We do not see that we can add to what we said in that case, so the judgment below is reversed on authority of Tyler v. Thomas, *et al.,* 114 Fla. 368, 153 Sou. 848. See also Lee v. Smith, *et al.,* 111 Fla. 91, 149 So. 67, and Gay v. McKenny, *et al.,* decided by this Court June 23, 1934.

Reversed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

### ORDER.

This cause came on to be further heard on the Motion to modify the judgment and it appearing to the Court that the law of the case was definitely settled in the decisions cited in our opinion filed November 30, 1934, that there must be an end to litigation sometime, and that the plaintiff in error is entitled to a judgment in his favor.

It is, therefore, ordered, adjudicated, and decreed that the Motion to modify the judgment entered November 30, 1934, be, and the same is granted in that the cause is reversed with directions to the court below to enter judgment in favor of the plaintiff in error, no interest to be allowed on said judgment.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

### ORDER ON MOTION TO MODIFY JUDGMENT.

This cause came on to be further heard on the Motion to modify the judgment and it appearing to the Court that the law of the case was definitely settled in the decisions cited in our opinion filed November 30, 1934, that there must be an end to litigation sometime, and that the plaintiff in error is entitled to a judgment in his favor.

It is, therefore, ordered, adjudicated, and decreed that the Motion to modify the judgment entered November 30, 1934, be, and the same is granted in that the cause is reversed with directions to the court below to enter judgment in favor of the plaintiff in error, no interest to be allowed on said judgment.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.