quashing frivolous appeal. Holtsberg v. Mc-Carty (Fla.) 158 So. 123.

A study of the record and briefs in this case has convinced us that while the appeal herein is not frivolous, the orders appealed from are without error, and should accordingly be affirmed under the rule last above stated, with leave to appellee to include the costs of the transcript as advanced by him in the taxable costs allowed to him on this appeal.

Affirmed and remanded.

WHITFIELD, C. J., and BROWN and DAVIS, JJ., concur.

ELLIS, P. J., and TERRELL, and BUFORD, JJ., concur in the opinion and judgment.

## TYLER v. NOBLES.

Supreme Court of Florida.
Nov. 30, 1934.
On Motion to Modify Jan. 7, 1935.

C. O. Andrews, of Orlando, and F. L. Hemmings, of Fort Pierce, for plaintiff in error.

Fee & Liddon, of Fort Pierce, for defendant in error.

TERRELL, Justice.

The sole question involved in this case is whether or not a county tax collector, who has retired from office without receiving the maximum compensation allowed him under section 757, Rev. Gen. St. of 1920, section 970, Comp. Gen. Laws of 1927, as amended by chapter 15798, § 1, Acts of 1931 (Ex. Sess.) Laws of Florida, is entitled to commissions on tax certificates issued by him to the state while in office but which were redeemed by his successor after he retired from office.

The court below, by sustaining a demurrer to the declaration, answered this question in the negative. Final judgment was entered in favor of the defendant, and this writ of error is from the final judgment.

The question raised here was conclusively settled by this court in Tyler v. Thomas et al., 114 Fla. 368, 153 So. 848. We do not see that we can add to what we said in that case, so the judgment below is reversed on authority of Tyler v. Thomas et al., 114 Fla. 368, 153 So. 848. See, also, Lee v. Smith et al., 111 Fla. 91, 149 So. 67, and Gay v. State ex rel. McKenney. et al., 155 So. 845 decided by this court June 23, 1934.

Reversed.

DAVIS, C. J., and WHITFIELD, BROWN, and BUFORD, JJ., concur.

On Motion to Modify.

PER CURIAM.

This cause came on to be further heard on the motion to modify the judgment, and it appearing to the court that the law of the case was definitely settled in the decisions cited in our opinion filed November 30, 1934, that there must be an end to litigation some time, and that the plaintiff in error is entitled to judgment in his favor:

It is therefore ordered, adjudicated, and decreed that the motion to modify the judgment entered November 30, 1934, be and the same is granted, in that the cause is reversed, with directions to the court below to enter judgment in favor of the plaintiff in error; no interest to be allowed on said judgment.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN, and BUFORD, JJ., concur.