NATIONAL SURETY CORPORATION v. HONORABLE DAVID SHOLTZ, successor to Honorable Doyle E. Carlton, as Governor of the State of Florida, for the use and benefit of Frank M. Tyler.

166 So. 213.

Opinion Filed February 28, 1936.

*Fee & Liddon,* for Plaintiff in Error.

*C. O. Andrews* and *F. L. Hemmings,* for Defendant in Error.

PER CURIAM.—The law of this case has been definitely and finally settled in the earlier decisions of this Court which hold that inasmuch as Frank M. Tyler, former Tax Collector of St. Lucie County was succeeded in office by Orris Nobles, the incumbent Tax Collector, and retired from his office without having received his maximum compensation as Tax Collector as allowed him by Section 970 C. G. L., as amended by Chapter 15798, Acts of 1931, and that inasmuch as the Clerk of the Circuit Court of St. Lucie County had collected and paid over to Nobles, Tyler's successor *virtute officii,* the sum of $1,336.49, which represented the statutory five per cent. commissions on tax sales that had been earned by Tyler while in office for making up delinquent lists and conducting the tax sales for the years 1929, 1930, 1931 and 1932, and therefore Nobles was in law deemed to have received the sum paid over to him, for

the use and benefit of his predecessor, Tyler, and was subject to judgment for that sum in Tyler's behalf in the suit brought against him to enforce such payment. See: Lee v. Smith, 111 Fla. 91, 149 Sou. Rep. 67; Tyler v. Thomas, 114 Fla. 368, 153 Sou. Rep. 848; Tyler v. Nobles, 117 Fla. 328, 161 Sou. Rep. 283.

The law is clear that Orris Nobles, as Tyler's successor in office, received the commissions in question from the Clerk of the Circuit Court by virtue and under color of his office as Tax Collector of St. Lucie County. It is also clear that Nobles was under a duty as such Tax Collector to faithfully account for and pay the same over to Tyler upon demand, because such moneys had come into Nobles' possession or custody by virtue of his office and in no other capacity.

Where a public officer assumes to collect and does collect sums of money under color of his office, it is immaterial whether he was in fact authorized to collect the money or not. He is under a duty imposed upon him by law to account for and pay over moneys collected by him *colore officii* and if he fails so to do, judgment on his official bond may be entered in an appropriate proceeding, when it is made to appear that the bond of the officer bound him to "faithfully account for and pay over all moneys that may come into his possession by virtue of his office." Walling v. Carlton, 109 Fla. 97, 147 Sou. Rep. 236; 22 R. C. L., Section 191.

This writ of error is from a judgment rendered against Nobles and his bondsman, National Surety Company, as the final step toward enforcing the collection we have heretofore held Tyler was entitled to make from Nobles on account of the money the latter has received belonging in law to Tyler under the decisions of this Court.

While the writ of error is by no means frivolous as is contended, we see no good reason for further prolonging this litigation by retaining the case on our docket when it so clearly appears that the judgment rendered must inevitably be affirmed when the case is finally reached in due course. City of South. Miami v. DuBoise Const. Co., 115 Fla. 619, 155 Sou. Rep. 795; Treat v. State, *ex rel.* Mitton, 121 Fla. 509, 163 Sou. Rep. 883; Holtsberg v. McCarty, 117 Fla. 554, 158 Sou. Rep. 123. The motion to dismiss as frivolous is accordingly denied but the judgment affirmed on authority of the cases last cited.

Affirmed on motion to dismiss as frivolous.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.