CITY OF AUBURNDALE v. DAVID P. NUNN, AND FIDELITY & DEPOSIT COMPANY OF MARYLAND.

169 So. 558.
Division A.
Opinion Filed July 24, 1936.

*Carver & Langston,* for Plaintiff in Error;
*S. S. Sandford* and *T. E. Lucas,* for Defendants in Error.

DAVIS, J.—Nunn was principal, and Fidelity & Deposit Company of Maryland was surety, on an official bond in the sum of $10,000.00 conditioned that the principal, who had been appointed City Manager and Clerk of the City of Auburndale would "well and faithfully perform all and singular the duties incumbent upon him by reason of his * * * appointment as aforesaid City Manager and Clerk, and honestly account for all moneys coming into his hands as such officer, according to law * * *."

In a suit at law brought on such bond the Circuit Court held the declaration bad, and entered final judgment for de-

fendants on demurrer sustained thereto followed by the refusal of the plaintiff to further plead.

The declaration alleges in terms the appointment of Nunn, as recited in the bond, and recites that the bond sued on was duly given by him in order to comply with the requirements of the City of Auburndale exacting such bond as a condition of qualification for the office to which the principal had been appointed. It thereupon alleges that said Nunn did not well and faithfully perform all and singular the duties incumbent upon him * * * and that he did not honestly account for all moneys coming into his hands as an officer according to law, but that as a matter of fact said Nunn, while said bond was in full force and effect, did: (1) Not honestly account for all moneys coming into his hand as City Manager according to law, but did convert unto his own use large sums of money belonging to the said City, which moneys came into his hands as City Manager; (2) that said Nunn converted to his own use bonds belonging to the said City, which bonds came into his hands as City Manager of said City; (3) that said Nunn unlawfully paid to himself out of funds belonging to the City the full face value of bonds that he had acquired individually at a large discount and thereafter turned over and delivered to the City at full value, thereby defrauding the City out of the difference; (4) that said Nunn paid out illegally and improperly large sums of money belonging to the City to others; (5) that said Nunn paid illegal expense bills of the City of Auburndale, to the great damage and loss to the City in the sum of several thousand dollars.

As has been hereinbefore noted, the bond in question is conditioned not only for the faithful performance of the official duties of the principal (officer) giving it, according to law, but is conditioned against the personal infidelity and

dishonesty of the officer with reference to any moneys coming into his hands. In view of the latter feature of the bond in question, it is utterly immaterial how, or in what capacity, moneys of the City of Auburndale were acquired by the principal so long as he held the office incident to which the bond sued on was given. The obligation to "honestly account" for all moneys coming into the principal's hands, which the condition of the bond as written assured, is broad enough to cover any and all moneys which the principal assumed to collect and did collect under color of the office which the principal held by virtue of the giving of the bond, whether he was in fact authorized to collect the money or not, insofar as personal conversion of such moneys by the principal is concerned. Here the bond is a fidelity bond that in terms underwrites the "honesty" of the officer to not disregard his duty to account to the proper recipient or depository provided by law, for any moneys or funds known by him to belong to the City of Auburndale. National Surety Corporation v. Sholtz, Governor, for the use of Tyler, 123 Fla. 110, 166 Sou. Rep. 213; Walling v. Carlton, 109 Fla. 97, 147 Sou. Rep. 236.

The plaintiff's declaration does not wholly fail to state a cause of action for breach of the bond sued upon, therefore the ruling sustaining the demurrer to it should be reversed and the cause reinstated on the docket for further pleadings and proceedings according to law.

Reversed and remanded.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.