STATE, ex rel. J. H. HUGHES, as Tax Collector of Sumter County, v. ROY CARUTHERS, Clerk Circuit Court, Sumter County.

180 So. 27.

En Banc.

Opinion Filed March 30, 1938.

*Carroll W. Fussell,* for Relator;

*J. T. McCollum,* for Respondent.

PER CURIAM.—This is a proceeding in mandamus to recover commissions on tax sales certificates being sold under Chapter 18296, Acts of 1937. The alternative writ as amended was filed on the theory that Relator was the duly elected and constituted Tax Collector of Sumter County for the years 1913 to 1936, both inclusive, during which time certain lands were sold and certificated to the State for the non payment of State and County taxes, that said certificates are being sold under Chapter 18296, Acts of

1937, and that Relator is entitled to be paid the commission allowed tax collectors on the sale of such certificates under Section 970, 1932 Cum. Supp. Compiled General Laws of 1927 (amended by Chapter 15,789, Acts of 1931) which is as follows:

"A copy of the newspaper containing the advertisement shall be filed in the office of the Clerk of the Circuit Court within ten days after said sale. When lands are advertised for taxes under the provisions of this law the tax Collector shall be entitled to fifteen cents for certification of sale and shall be entitled to five per cent. commission on the amount of each delinquent tax when actual sale is made, but said tax collector shall not be entitled to any commission for the sale of such property made to the State of Florida until said commission is paid upon the redemption or sale of the tax certificate or certificates issued thereon to the State."

The material facts involved are not in dispute. The cleavage between the parties inheres in the application of the statute quoted. Respondent contends that the statute never contemplated that a tax collecor could recover any compensation after his term of office expired. He relies on Martin v. Karel, Sheriff, 106 Fla. 363, 143 So. 317, to support his contention. As to all counties where the tax collector is shown to have received the maximum compensation allowed him under the law during his incumbency in office, this contention is correct.

But Relator contends that he was Tax Collector in one of the smaller counties of the State (Sumter) from 1913 to 1936, that during his incumbency, his compensation never amounted to the maximum allowed by law in said county, and that being so, he is entitled to be paid the five per cent. commission on all amounts received for certificates redeemed in the manner stated. He relies on Lee v. Smith,

111 Fla. 91, 149 So. 67, reaffirmed in Tyler v. Thomas, 114 Fla. 368, 153 So. 848; Gay v. State, 115 Fla. 584, 155 So. 845; and Tyler v. Nobles, 117 Fla. 328, 117 So. 891, to support his contention.

Lee v. Smith, was brought by tax collectors in some of the smaller counties to recover fees under facts and circumstances very similar to what we have in this case. We held that they were entitled to recover though their terms had expired and they had retired from office. Chapter 18297, Acts of 1937, contemplates the collection of the commission claimed in this case, it being a part of the costs. It is accordingly ruled by Lee v. Smith, *supra.*

The demurrer and motion to quash are accordingly overruled.

It is so ordered.

Ellis, C. J., and Whitfield, Terrell, Brown, Buford, and Chapman, J. J., concur.