**SAINT LUCIE COUNTY, a political subdivision of the State of Florida, v. ORRIS NOBLES, individually and as Tax Collector of Saint Lucie County, Florida.**

5 So. (2nd) 855                                           Division A
January 20, 1942          Rehearing Denied February 12, 1942

D. C. Smith, for plaintiff in error.
Liddon & Fee, for defendant in error.

BUFORD, J.:

Writ of error brings for review in favor of defendant.

By agreement the case was tried before the Court without a jury stipulation as follows:

"It Is Hereby Stipulated and Agreed between the parties hereto that the above entitled cause be submitted to the Court without jury, for final judgment upon the following stipulated facts:

### "First

That this suit involves $1058.44.

### Second

That said sum was paid to the Defendant, as Tax Collector during the year 1937 and prior to June 1, 1937, and that said funds represent the Tax Collector's commission for taxes collected on the 1936 and prior tax rolls, and that said taxes, including said commissions, were actually paid to the proper collecting authorities during the year 1936, but that, although actually earned and payable during 1936, the Collector's Commissions therefrom were not paid to the said Tax Collector until during the 1937 and prior to June 1 thereof.

### "Third

"That from the payment of commisisons to the said Tax Collector in 1937, in addition to the sum involved in this suit, he has paid to the general fund of the County the portion thereof which belonged in the excess fee fund for those particular years.

"Based upon the facts as herein set forth it is stipulated and agreed that the only questions involved in this suit, to be determined by this Court are:

"1.  Should the commissions which accrued to the Tax Collector for collection of taxes for the year 1936 and prior years, which were actually paid in the year 1936, be charged against the Tax Collector's income for the year 1937, because the commissions were not actually paid over to the Tax Collector by the proper officials until during the year 1937, although said commissions were earned, collected and payable during the year 1936.

"2.  In a suit brought by St. Lucie County to recover excess fees from the Tax Collector of said county, does the Statute of Limitations apply to commissions received by said Tax Collector.

"It Is Further Stipulated and Agreed that if the Court determines the amount involved should be charged against the income of the Tax Collector for the year 1937, and that the Statute of Limitations does not apply, the Plaintiff is entitled to judgment, otherwise a judgment should be entered for the defendant."

The judgment is as follows:

"This cause having come on for trial before me without a jury, upon the pleadings and stipulation of the respective parties filed herein, and upon the Court having considered said pleadings and stipulation and having heard argument of counsel herein, the Court is of the opinion that said sum of $1058.44, representing the Tax Collector's commission for taxes collected by him in the year 1936, but which commissions were not actually received by said Tax Collector from the various bodies for which he collected said taxes until sometime during 1937, should be charged against said Tax Collector's income for the year 1936 rather than against said Tax Collector's income for the year 1937,

"It Is Thereupon Ordered and Adjudged that the plaintiff take nothing by its suit, and that this cause be and the same is hereby dismissed at the cost of the plaintiff.

"Done and Ordered at Fort Pierce, St. Lucie County, Florida, this 26th day of April A.D. 1941."

The judgment should be affirmed on authority of the opinion and judgment in the case of Tyler v. Nobles, 117 Fla. 328, 157 So. 891, and also in Tyler v. Thomas, et al., 114 Fla. 368, 153 So. 848.

It is so ordered.

Affirmed.

BROWN, C. J., TERRELL and ADAMS, JJ., concur.