ON MOTION TO DISMISS OR QUASH APPEAL AS FRIVOLOUS
PER CURIAM.
This is the second appearance of this case in this court wherein the appellant appeals the dismissal of its complaint. The first complaint was filed on April 15, 1977. Thereafter, an amended complaint was filed which was dismissed with leave to amend. An interlocutory appeal was then taken and affirmed by this court per curiam. Our mandate issued on January 31, 1978.
Thereafter a second amended complaint was filed and dismissed with leave to amend. Appellant then filed its third amended complaint which was dismissed with prejudice, and dismissal with prejudice being the subject matter of this appeal.
The actions of the appellee, Manatee County Port Authority, which have been challenged in the courts for over one and one-half years were taken by the Port Authority on August 12, 1976, approximately two years and four months ago.
There comes a time when litigation must cease. The appellant has filed four complaints in this matter, and the trial court held that each one of them failed to state a cause of action against the Port Authority. The dismissal of one of these complaints was affirmed by this court. Manatee Chapter of the Izaak Walton League of America, Inc. v. Manatee County, 354 So.2d 993 (Fla.2d DCA 1978).
We have carefully examined the prior record before this court and the record in the instant appeal and, while we hesitate to quash or dismiss on the grounds of frivolity, it has been held in National Surety Corporation v. Sholtz, 123 Fla. 110, 166 So. 213 (1936):
“While the writ of error is by no means frivolous as is contended, we see no good reason for further prolonging this litigation by retaining the case on our docket when it so clearly appears that the judgment rendered must inevitably be affirmed when the case is finally reached in due course.” 166 So. at 214.
From the record in this case, a meticulous study of the third amended complaint, and the applicable law, it clearly appears that the order appealed must inevitably be affirmed when the case is finally reached in due course.
Therefore, the motion to dismiss or quash as frivolous is denied, but the order appealed is affirmed on the authority of National Surety Corporation v. Sholtz, supra.
GRIMES, C. J„ and HOBSON and SCHEB, JJ., concur.