### *In re* HEDGER'S ESTATE.[1]

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

WILL—LIFE-ESTATE—LEGACY—LAPSE.

Testator, after giving the use of his personalty and realty to his wife for life, gave two pecuniary legacies, and devised all of his real and personal estate, except the legacies, to certain of his children and grandchildren, naming them, to be divided equally between them, share and share alike. "Such devises and bequests are to take effect, and such division of my estate to be had, after the decease of my said wife." He also authorized his executors, after the death of his wife, to sell his real estate, and divide the proceeds as above directed. *Held*, that the interests of all the legatees and devisees vested at the death of the testator, subject to the life-estate in the widow, and the power of sale in the executor, and none of them lapsed by the death of the legatee or devisee during the life of the widow.

Appeal from surrogate's court, Cayuga county.

In the matter of the judicial settlement of the accounts of John S. Ogilsbie and Augustus W. Spinning, surviving executors of William Hedger. From the decree entered therein the executors appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Taber & Brainerd,* for appellants. *Vandenberg & Saxton,* for respondents.

CORLETT, J. William Hedger died in September, 1873, leaving a will, which was admitted to probate. The first clause wills all his property to his wife, Jerusha Ann Hedger, during her life, and states at the close: "And it is my will and I desire such farm or homestead be and remain the home of my family after my decease during the life-time of my said wife, the same as it has been heretofore. *Second.* After the decease of my said wife, and at the time of the division of my property as hereinafter mentioned, I give and bequeath to my grandson Truman A. Hedger, of the state of Michigan, the sum of three hundred dollars. *Third.* At the time of the division of my

[1] Affirming 6 N. Y. Supp. 769.

estate as aforesaid, I give and bequeath to my son Charles Hedger the sum of one hundred dollars, he having already had during my life-time his proper share of my estate, within that amount. *Fourth.* I give, devise, and bequeath all my real and personal estate, of every kind and nature soever, and wherever situated, except the above bequests, to my grandson Truman A. Hedger, and my son Charles Hedger, to my sons Thomas D. Hedger William A. Hedger, my daughters Harriet A. Cogswell, widow of Oscar Cogswell, Mary Bently, widow of Steven Bently, and Margaret Maul, wife of George H. Maul, and my grandson William Cogswell, to be divided between them, share and share alike. Such devises and bequests are to take effect, and such division of my estate to be had, after the decease of my said wife, Jerusha Ann Hedger." The fifth clause authorizes the executors, after the death of his wife, to sell the real estate, and deliver the proceeds of all his property as above directed. John S. Ogilsbie, Augustus W. Spinning, and Charles H. Hedger were appointed executors. The wife, Jerusha, died in May, 1888. Thomas D. Hedger and William Cogswell, named in the fourth clause of the will, died before Jerusha. In November, 1888, proceedings were commenced by the executors named in the will for a judicial settlement. No controversy arose on the 'hearing except whether the shares of the persons who died before the wife of the testator lapsed. The surrogate decided that they did not, but that the will vested in those mentioned in the fourth clause the testator's entire property, subject to the wife's life-estate. The appellants filed objections to the surrogate's decision, and appealed from the decree to this court. So far as those legacies are concerned, it was not necessary to vest any interest in the *corpus* of the property, but to require a payment of the sums mentioned out of the estate. The fourth clause in express terms vests the title in the devisees therein mentioned, subject to the life-estate. The last clause in that subdivision simply fixed the time when the property should be delivered to the devisees named. The will in its entirety shows that it was the testator's intention to vest the whole property in the devisees named in the fourth clause, subject to the life-estate; but, for more abundant caution, he prevented the exercise of any dominion over the property until after the wife's death, although the same construction would have obtained without this clause. The surrogate correctly construed the will.

The cases cited by the learned counsel for the appellants are not in conflict with the conclusions reached by the surrogate. In *Vincent* v. *Newhouse*, 83 N. Y. 505, the will was, "I give and devise to my wife, Mercy, during her life-time, one hundred and sixty-nine acres of land, and I do order and direct, at the death of my said wife, the said one hundred and sixty-nine acres of land be sold by my executors, and the proceeds divided among the persons named." The court held that the share of those who died before the owner of the life-estate lapsed, because the will vested no interest in those entitled to share until after sale of the property. There was no clause in that will vesting title in those among whom the money was to be divided. · Their interests would attach to the moneys in the hands of the executors produced by a sale. All the cases rest on the same principle. But here the whole *corpus* of the estate was absolutely vested by the will, the time of taking possession and enjoyment being postponed. There is nothing in the fourth clause limiting the time when the estate should vest in the devisees, but only when they should enter upon its enjoyment. *Hopkins* v. *Hopkins*, 1 Hun, 352; *Black* v. *Williams*, 4 N. Y. Supp. 243; *Moore* v. *Littel*, 41 N. Y. 66; *Shipman* v. *Fanshaw*, 15 Abb. N. C. 288; *Vanderpoel* v. *Loew*, 112 N. Y. 167–181, 19 N. E. Rep. 481; and numerous other cases,—illustrate the above distinction, and show the correctness of the surrogate's conclusion. The decree must be affirmed, with costs. All concur.