(84 Misc. Rep. 205)

## KNAPP et al. v. CLARK et al.

(Supreme Court, Special Term, New York County. February, 1914.)

1. WILLS (§ 634*)—CONSTRUCTION—VESTING OF ESTATE.

Where a will directed testamentary trustees to hold the residuary estate in trust to pay the income therefrom to A. for life, and provided that on her death "I direct a distribution of my residuary estate, and give, devise, and bequeath the same to the following named persons in equal shares, as follows," etc., the words quoted expressed a gift of the corpus of the estate, and postponed merely the time of taking possession and enjoyment.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 686*)—CONSTRUCTION—VESTING OF ESTATE.

The rule that where a will directs trustees to distribute in the future, survivorship at the time of distribution is essential to the acquisition of an interest in the subject of the gift, is limited to cases where the only words of gift are to be found in the direction to distribute, and does not apply where, in addition to the direction to distribute, there are words importing a gift.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. § 686.*]

3. WILLS (§ 634*)—CONSTRUCTION—WILL OF REMAINDERMAN—VALIDITY.

Where a will bequeathing the residuary estate in trust to pay over the income to A. for life, with remainder to persons named, vested the corpus of the estate in the remaindermen, and where one remainderman died without descendants before the life tenant, her share of the residuary estate passed as provided by her will, though the former will provided that on the death of the life tenant the estate of any remainderman, not then surviving, should go to her descendants.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action for construction of a will, by J. Edward Knapp and another, as trustees under the will of Edward E. Chase, deceased, against Franklin Chase Clark, individually and as executor of Ellen D. Lincoln, deceased, and others. Will construed.

George E. Coney, of New York City, for plaintiffs.
Halstead H. Frost, Jr., of New York City, for defendant Foster.
Myron T. Townsend, of New York City, for other defendants.

BLANCHARD, J. [1] This action is brought by the trustees for the construction of the will of Edward E. Chase, deceased. With the immaterial portions omitted, the will provides that the residuary estate be held by the trustees in trust to pay over the income, rents, and profits derived therefrom to the testator's aunt, Adaline A. Bucklin, during her life, and further provides in the fourth paragraph as follows:

"On the death of my aunt Adaline A. Bucklin * * * I direct the distribution of my residuary estate, and give, devise and bequeath the same to the following named persons in equal shares as follows: One-third part to my aunt Mary Ann Clark, or if she be not then surviving to her descendants, and one-third part to my aunt Rosina Child Lincoln, or if she be not then surviving to her descendants, and one-third part to Ellen D. Lincoln, daughter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of my said aunt Rosina Child Lincoln, or if she be not then surviving to her descendants."

When the testator died the life estate man, Adaline A. Bucklin, and the remaindermen were living, but all three remaindermen died during the life tenancy. Mrs. Clark left surviving a son, Franklin Chase Clark, who is now living, and whóse right to one-third of the residuary estate is undisputed. Mrs. Lincoln left surviving her daughter, Ellen D. Lincoln, who is also the third remainderman, and Miss Lincoln died two years before Adaline A. Bucklin, unmarried and without issue, but leaving a will duly probated, the fourth clause of which disposed of all interest in the estate of her deceased cousin of which she died possessed, or to which she might be in any manner entitled. The real parties in interest to this action, therefore, are the beneficiaries under the fourth clause of the will of Ellen D. Lincoln and Mary Louise Foster, adopted daughter of the deceased, Chase, who claims under the statutes of distribution and descent, alleging the intestacy of her foster father as to two-thirds of his residuary estate. The problem before this court is whether or not Ellen D. Lincoln died seised of any devisable interest in the estate of her cousin, and its solution apparently depends upon the character of the remainders created by the deceased, Chase, in the fourth paragraph of his will.

[2] The defendant Foster predicates her claim of intestacy upon numerous cases which hold that, where there is a direction to trustees to distribute or pay over in the future, futurity is annexed to the gift, the remainders are contingent, not vested, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Warner v. Durant, 76 N. Y. 133; Matter of Crane, 164 N. Y. 71, 58 N. E. 47. I am of opinion that the facts in the case at bar do not come within the purview of these decisions. The rule above referred to is limited in its application to those cases in which the only words of gift are to be found in the direction to distribute. Chief Judge Parker, explaining the application of this rule and its exceptions, says, in Matter of Crane, supra, 164 N. Y., at page 77, 58 N. E., at page 49:

"The second exception is where there are words importing a gift in addition to the direction to executors or trustees to pay over; divide, or distribute; in such a case the general rule of construction does not govern because the language employed, outside of the direction to divide or distribute, imports a gift, and therefore the situation is precisely as if the will contained words of gift."

The present case would seem to come well within this exception, for immediately following the words "I direct the distribution of my residuary estate" are to be found the words "and give, devise and bequeath the same to the following named persons in equal shares as follows," etc. Surely these words not only import, but actually express, a gift. I cannot agree with the contention that they merely confirm the shares which the remaindermen are to receive by virtue of the distribution. There is no power conferred upon the trustees to divide and pay over in the future; there is a mere general direction to distribute, and the interests of the remaindermen do not depend

upon this direction but upon the words of absolute gift following. See Matter of Hedger's Estate, 9 N. Y. Supp. 347, affirming 6 N. Y. Supp. 769. As the law favors the vesting of estates, this general direction is insufficient to bring the present case within the decisions cited above. It would seem by the weight of authority that the corpus of the estate was absolutely vested by the will, the time of taking possession and enjoyment being postponed. Matter of Hedger's Estate, supra.

In the Baer Case, upon which the defendant Foster strongly predicates her claim of intestacy, the testatrix devised her residuary estate to her executors in trust for the use of her daughter Emeline during her life, and provided that upon her death the remainder should go to her issue, if she had any. In the event of the daughter dying without issue, the income, rents, and profits were to be applied to the use of a second daughter, should she survive Emeline, during her life, and upon her death the estate was to be divided equally among "the children and lawful heirs of my brother Harmon Hendricks, deceased, to share and share alike per stirpes." Ten children of the deceased, Harmon Hendricks, were living at the time of the death of the testatrix, but they all died before Emeline, the first life tenant. Some left wills under which any interest they might have in the estate would pass. In arriving at the conclusion that these wills conveyed to their beneficiaries no interest in the estate in question, the court was influenced by two facts, neither of which is to be found in the present will: First, that the only words of gift to the children were to be found in a direction to distribute; second, that the said gift was to take effect only in the event of Emeline's death without issue, Emeline at the time of the death of the testatrix being a young, unmarried girl. There was plainly no vesting of the remainders in the children when the testatrix died, for their interests were entirely dependent upon the death of Emeline without issue, and therefore, as they predeceased Emeline, they had no devisable interest in the estate. When the testator, Chase, died, the remaindermen were persons in being who had an immediate right to the possession of the property on the determination of the life estate of Adaline A. Bucklin, and they therefore took vested remainders within the meaning of the statute. Real Prop. Law (Consol. Laws, c. 50) § 40. As Judge Woodruff said in Moore v. Littel, 41 N. Y. 66:

"If you can point to a man, woman, or child who, if the life estate should now cease, would, eo instanti et ipso facto, have an immediate right of possession, then the remainder is vested."

An application of this practical test to the present case results in the inevitable conclusion that the remainders vested at the death of the testator. I do not believe that the words "or if she be not then surviving, to her descendants," following the gifts to the remaindermen, affect the vesting; they create a condition subsequent by which the remainders may be defeated, but not a condition precedent on which the vesting depends. Moore v. Littel, supra; Doscher v. Wyckoff, 132 App. Div. 139, 142, 116 N. Y. Supp. 389. It, therefore, follows that Mrs. Clark, Mrs. Lincoln, and Ellen D. Lincoln took vested remainders on the death of the testator. It also follows that Franklin Chase Clark and Ellen D. Lincoln, as descendants of Mrs. Clark and

Mrs. Lincoln, had a contingent interest in the remainder of the respective parent, dependent upon the descendant surviving said parent. When Mrs. Clark and Mrs. Lincoln died, these remainders immediately vested in the descendants, and, as the will contains no words of divestiture concerning them, the subsequent death of Ellen D. Lincoln during the life tenancy did not affect such vesting.

[3] The sole remaining question is the effect of the death of Ellen D. Lincoln, before the life tenant and without descendants, upon the gift to her as original remainderman. The testator failed to make provision for this occurrence, and the question must therefore be determined from the interpretation to be placed upon the words "or if she be not then surviving, to her descendants." After careful consideration I am constrained to hold that the testator merely intended that, in the event of the death of a remainderman leaving issue during the life tenancy, the interest of one so dying should vest in her issue. In Doscher v. Wyckoff, supra, the testator gave all his property to his executors in trust for the use of his wife so long as she remained his widow, and further provided:

"On the death or remarriage of my wife I give all my property * * * in equal portions to my children then living and the issue of such as may have died," etc.

In construing this will Burr, J., said:

"The testator's son, Abraham Vandeveer Wyckoff, took a vested estate in remainder subject to be defeated by his death during the lifetime of his mother. * * * His death before his mother, leaving issue, was a contingency upon which such remainder might vest in his issue, but it was not an event upon which the vesting in him depended."

Such a construction seems also to have been favored in the earlier cases. In Smither v. Willock, 9 Ves. Jr. 233, there was a bequest to the testator's wife for life, and after her death the estate was to be divided between his brothers and sisters in equal shares, but in case of the death of any in the life of the wife, the share of him, etc., so dying was to be divided between his, etc., children. One of the brothers died during the lifetime of the widow without ever having had a child. The master of the rolls held the share of the deceased brother to be vested subject to be divested only in the event of his death in the life of the testator's widow, leaving issue, and consequently, that event not having happened, his representative was entitled. ,

In conclusion, I am of the opinion that by his will the deceased, Chase, validly disposed of all his property; that on his death the remainders vested in Mrs. Clark, Mrs. Lincoln, and Ellen D. Lincoln; that on the death of Mrs. Clark and Mrs. Lincoln their interests passed under the will to their descendants, and, lastly, that the death of Ellen D. Lincoln, without issue and before the life tenant, did not affect the vesting of her one-third interest in the estate as original remainderman, nor the one-third interest which passed to her on the death of her mother. It, therefore, follows that she died seised of a devisable interest in two-thirds of the residuary estate of Edward E.

Chase, deceased, and that the beneficiaries under her will are entitled to an equitable division and distribution thereof by the trustees according to the provisions of said will.

Judgment accordingly.