**In the Matter of the Construction of the Will of NORMAN L. BATES, Deceased.**

Surrogate's Court, Oswego County, November 9, 1946.

*John G. Shaw* for J. P. Morgan & Co., Incorporated, as administrator with the will annexed of Norman L. Bates, deceased, and others, petitioners.

*Walter B. Fletcher* for Maxwell R. Bates and others, respondents.

*D. V. Hardie,* special guardian for Sarah R. Cowles and others, infants.

PENNEY, S. Norman L. Bates, Sr., hereinafter referred to as the "testator," died a resident of Oswego County on May 19, 1923, leaving a last will and testament executed December

30, 1920, which was duly admitted to probate by this court on June 11, 1923. He left surviving him his widow, Florence M. Bates, and four children, Sarah Bates Tompkins, Elizabeth Bates Cowles, Maxwell R. Bates and Norman L. Bates, Jr. His widow never remarried and died on December 25, 1945.

By his will the testator gave his wife the use and income of his entire estate during her natural life or until she should remarry. The next two paragraphs of his will, which are the subject of this construction proceeding, read as follows:

"Third. Upon the death or remarriage of my wife, Florence M. Bates, I hereby give, devise and bequeath all my estate, real and personal and mixed unto my children, share and share alike, the income to be used for their support and education during their minority, and the principal sum to be paid over to them upon their arrival at the age of twenty five years respectively, subject to the following provisions,

"Fourth. For the purpose of carrying into effect the foregoing provisions of my will, I direct that my executor hereinafter named, shall hold, invest, manage and control all of my said estate in trust, however; the income thereon to be paid to my said wife while she remains my widow, and thereafter divided equally between my children until they receive their respective shares of the principal sum."

The fifth and last disposing paragraph of the will contained further directions as to payment of the remainder, not material here, and a power of sale was given the executors.

When the will was executed, all four of testator's children were in being, the youngest being then thirteen years of age, and the document disposed of an estate in excess of $700,000. Norman L. Bates, Jr., survived his father, but died intestate and without issue on March 20, 1943, predeceasing his mother, the life tenant. She was his sole distributee and any interest that he may have had in the remainder of the trust created by his father must pass through his estate to the estate of Florence M. Bates. The other three children of the testator are living, and all have issue. The will of Florence M. Bates, so far as is material here, gives the life use of one third of her residuary estate to each of her three children, with remainder to their issue. It is the contention of the petitioner that Norman L. Bates, Jr., took only a contingent remainder under his father's will which was divested by his death before the termination of the life estate, and that on the termination of the life estate, testator's entire residuary estate vested in the remaining children. The special guardian takes the position that the interest

of Norman L. Bates, Jr., became vested immediately upon the death of his father and passed to his mother, Florence M. Bates, as his sole distributee and now passes under her will to her three children for life and, ultimately, to the nine infants whom he represents. In other words, the issue is whether one quarter of testator's residuary estate originally given Norman L. Bates, Jr., has now vested in the other three children of testator with no interest in their issue, or whether said three children have only a life estate therein with remainder in their children.

The petitioner cites many authorities in support of its position that this is a gift to a class, the members of which can only be determined upon the termination of the preceding trust and that the remainders are contingent upon survival. Whether a devise or bequest is to a class or to the individuals as tenants in common depends upon the language employed by the testator in making the gift, and in determining his intent, aid may be sought from the situation and relation of the parties. Adjudged cases are of little help, as each must be decided upon its own particular facts. "I have not been able to find in any of the adjudged cases any attempt to define or formulate with much accuracy the language or circumstances necessary to constitute a gift to a class. Perhaps from the nature of the question it is impossible to lay down any general rule or to do more than to determine every case upon its own facts and to construe every will with reference to the language employed by the testator and the surrounding circumstances. The language and the circumstances are so seldom identical that it is not often that one case can be determined upon the authority of some case or class of cases." (*Matter of Russell*, 168 N. Y. 169, 174.)

"It is peculiarly true in seeking the proper construction of a will, that there are always reported opinions which may be made to yield language in support of any proposition argued." (*Ogden* v. *Ogden*, 40 Misc. 473, 477.)

The court has carefully examined the cases cited by counsel and finds in each peculiar and distinguishing circumstances which were the basis of the decision.

An examination of the facts and circumstances in the instant case, interpreted in the light of principles and canons of construction recognized by all authorities, leads inevitably to the conclusion that the testator fully intended to give to each of his four children living at the time of the execution of his will a vested interest in his estate, provided only that they survived him. Nowhere in the will is there any indication that

he intended they must also survive his wife, the life tenant. He specifically gives his wife the use and income only during her natural life and until her remarriage. He then provides "Upon the death or remarriage of my wife, Florence M. Bates, I hereby give, devise and bequeath all my estate, real and personal and mixed unto my children, share and share alike * * *." These words certainly admit of but one interpretation, namely, an absolute outright gift to his children, with the time of payment only postponed until the death or remarriage of his wife. The word "upon" is an adverb of time and simply postpones the possession of the estate and relates merely to the time of enjoyment and not to the vesting of the interest. (*Matter of Foster*, 133 Misc. 222; *Matter of Richards*, 150 Misc. 102.) This is not a case where the only words of gift are found in the direction to divide or pay at a future time. The testator makes an absolute gift with a direction only as to the time of payment. Futurity is not annexed to the substance of the gift. (*Matter of Crane*, 164 N. Y. 71; *Knapp* v. *Clark*, 84 Misc. 205.)

The failure of the testator to name the children does not necessarily make this a gift to a class. He makes the gift to "my children, share and share alike". At the time of the execution of the will, his four children were all alive and in being, the youngest being then thirteen years of age. It is these four children whom the testator must have had in mind. There is nowhere in the will any suggestion that the testator had in view any particular children or surviving child or children, other than the whole number. (*Goebel* v. *Wolf*, 113 N. Y. 405; *Matter of Tienken*, 131 N. Y. 391.)

Nowhere in the will is there any indication that the testator intended to postpone the vesting of his childrens' respective interests until each had survived his wife and attained the age of twenty-five years. He simply postpones the payment to let in the intervening life estate of his wife and to withhold possession until such time as his respective children were competent to handle the substantial property which constituted their shares. The leading authority of *Goebel* v. *Wolf* (*supra*) is almost exactly in point with the facts existing here, except that in that case the gift was found only in a direction to divide at a future time, whereas in the present case there is an absolute gift. Nevertheless, the court held in the *Goebel* case (*supra*) that the gift was not to the children as a class, but each took a vested remainder in one fourth of the residuary estate, dependent upon the termination of the trust. The court is at a loss to understand why this case is cited by the petitioner as authority

for the proposition that a remainder gift "unto my children, share and share alike" is a gift to a class, creating a contingent remainder. In *Matter of Tienken* (*supra*) the facts are likewise similar, and the court reached the same conclusion. It is unreasonable to presume that the testator intended in the event one of his four children died prior to the termination of the preceding trust leaving children surviving, that such surviving descendants would thereby be divested of all interest in his estate and that such interest would pass to his remaining children. Under such an interpretation if three of testator's children had died during his widow's lifetime, each leaving children surviving, and the fourth had survived his mother, the survivor would take the whole to the exclusion of the grandchildren. "Theoretically a testator might have intended such a will, but no such unnatural or unreasonable intent should be attributed to him, except by virtue of language which admits of no misconstruction." (*Shangle* v. *Hallock*, 6 App. Div. 55, 61.) No such language appears here.

The petitioner stresses the fact that a valid testamentary trust was created by his will, and I think no one can disagree with that position. However, that does not prevent a vesting of the remainder upon the death of the testator, as the court believes he intended. The interests of the remaindermen do not depend upon the direction to the trustees to divide and pay over in the future, but rather, upon the words of absolute gift. (*Knapp* v. *Clark*, 84 Misc. 205, *supra*.) The intervening testamentary trusts did not prevent vesting on the death of the testator in the *Goebel* and *Tienken* cases (*supra*). Neither is the power of sale given to the executors inconsistent with his devise and bequest of a vested estate in the property which is subject to such power. (*Matter of Tompkins*, 154 N. Y. 634, 644.) This opinion could be drawn out to much greater length, but it has been sufficiently demonstrated that the gift in question constituted a vested remainder within all the rules of construction laid down and in view of the circumstances surrounding the testator. All of the children to whom he referred were in being at the time of the execution of his will, and their enjoyment of the property was postponed only (1) that the testator's wife might be provided for in the meantime, and (2) for their own security and protection.

After careful consideration, the court holds that by the third and fourth paragraphs of testator's will, Norman L. Bates, Jr., acquired a vested interest in one quarter of his father's residuary estate, and that such interest passed to Florence M.

Bates, the sole distributee of Norman L. Bates, Jr., upon the latter's death intestate.

A decree may be entered in accordance herewith on ten days' notice to the attorneys for all parties who have appeared, at which time allowances of attorneys and special guardian will also be fixed upon application.